CHARLES GLOWACKI, Plaintiff-Appellant, v. MOLDTRONICS, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—93—0243

Opinion filed June 29, 1994.

Daniel N. Kadjan, James R. Anderson, and Steven F. McDowell, all of Arnold & Kadjan, of Chicago, for appellant.

Leon A. Nelson, of Schoenberg, Fisher & Newman, Ltd., of Chicago, for appellees.

20

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, Charles Glowacki, sued defendants, Moldtronics, Inc., Jack L. Beal, Dan Ruszkowski, Don Jensen and Paul Wasicki, alleging battery and retaliatory discharge. Plaintiff appeals the dismissal of his second amended complaint. Plaintiff contends that his complaint pleaded a cause of action for battery which is not barred by the exclusivity provisions of the Workers' Compensation Act (the Act) (820 ILCS 305/5 (West 1992)).

Plaintiff's second amended complaint alleges that plaintiff was an employee of Moldtronics from February 5, 1979, until his termination on September 25, 1989. Defendant Beal was Moldtronics' president. Defendants Jensen, Wasicki, and Ruszkowski were also employees of Moldtronics.

Count I is entitled "Aggravated Battery." In it, plaintiff alleges that during his employment with Moldtronics the individual defendants committed a battery against plaintiff, in that, while acting within the scope of their employment as officers and employees of Moldtronics and with the specific intent to injure plaintiff, they caused plaintiff unknowingly to come into prolonged contact with certain chemicals. Exposure to these chemicals caused severe injuries to his neck, throat, and respiratory system.

Plaintiff further alleges that defendants intentionally failed to: disclose to him that he was working with toxic substances; instruct him in the proper handling of such substances; provide him with necessary safety equipment; provide him with a properly ventilated work area; and provide him with access to rest room facilities "that would allow him to practice reasonable care and cleanliness."

Count II alleged that defendants discharged plaintiff in retaliation for complaining about his exposure to dangerous chemicals. The dismissal of count II is not at issue in this appeal.

Defendants moved to dismiss the second amended complaint. The court granted the motion as to count I, inter alia, on the grounds that it was barred by the Act's exclusivity provisions and that plaintiff had failed to plead a cause of action for battery. The court also dismissed count II, a ruling which plaintiff does not challenge on appeal. However, plaintiff filed a timely notice of appeal from the court's order dismissing count I.

On appeal, plaintiff contends that his cause of action against both the corporate and individual defendants is not barred by the exclusive remedy provision of the Act. Section 5(a) of the Act provides:

"No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than

the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (820 ILCS 305/5(a) (West 1992).)

Section 11 provides:

"The compensation herein provided *** shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of the employment ***." 820 ILCS 305/11 (West 1992).

■ These provisions are part of the *quid pro quo* whereby the employer gives up common-law defenses in exchange for limited liability. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 462.) Therefore, the remedies provided by the Act are exclusive unless (1) the injury was not accidental; (2) the injury did not arise from the employment; (3) the injury was not received during the course of employment; or (4) the injury was not compensable under the Act. (*Meerbrey*, 139 Ill. 2d at 463; *Richardson v. County of Cook* (1993), 250 Ill. App. 3d 544, 547.) The exclusivity provisions will not bar a common-law cause of action against an employer for injuries which the employer or its alter ego intentionally inflict upon an employee or which the employer commands or expressly authorizes. (*Meerbrey*, 139 Ill. 2d at 464.) Co-employees may also be sued for their intentional torts and may not use the exclusivity provisions as a shield against liability. *Meerbrey*, 139 Ill. 2d at 472; *Vance v. Wentling* (1993), 249 Ill. App. 3d 867, 869.

If plaintiff properly alleges that the individual employees committed a battery upon him, his claim against them would not be barred by the Act. Further, if he establishes that Moldtronics ordered or expressly authorized the battery, he could state a claim against it. However, we agree with the trial court that plaintiff failed to allege a cause of action for battery.

When a pleading is challenged by a motion to dismiss, all well-pleaded facts are taken as true. (*DiBenedetto v. Flora Township* (1992), 153 Ill. 2d 66, 69.) A reviewing court determines whether the allegations in the complaint state a cause of action upon which relief may be granted, when viewed in the light most favorable to plaintiff. (*Packard v. Rockford Professional Baseball Club* (1993), 244 Ill. App. 3d 643, 648.) No cause of action should be dismissed unless it is apparent that the plaintiff will not recover under any proven set of facts. *People ex rel. Daley v. Datacom Systems Corp.* (1991), 146 Ill. 2d 1, 11.

In a case which neither party cites, this court recently determined that a complaint alleging that the employer committed a battery against plaintiff by allowing co-employees to smoke in her presence

failed to state a cause of action. We noted that a battery is defined as the wilful touching of another by the aggressor or a substance or force put in motion by the aggressor. To be liable for battery, the defendant must have done some affirmative act intended to cause an unpermitted contact. Where the party inflicting the injury is not doing an unlawful act, the intent to harm is material. *Pechan v. DynaPro, Inc.* (1993), 251 Ill. App. 3d 1072, 1084 (and cases cited therein).

In *Pechan*, we held that the complaint failed to state a cause of action for battery because it lacked an allegation that the smokers specifically intended to harm plaintiff. (*Pechan*, 251 Ill. App. 3d at 1085-86.) We noted that smoking remains a permitted activity and that, generally, smokers do not smoke cigarettes with the intent to touch nonsmokers with secondhand smoke. *Pechan*, 251 Ill. App. 3d at 1085.

■ In this case, although the complaint refers obliquely to Occupational Safety and Health Administration (OSHA) standards, plaintiff does not specifically allege that defendants were engaged in illegal activities or were violating any laws. We will not presume that their legal activities were specifically intended to harm plaintiff.

Plaintiff alleges in conclusional fashion that defendants acted with the specific intent to injure him. However, no facts are alleged in support of this conclusion. The complaint does not allege, for example, that defendants were aware of the specific risks faced by plaintiff or that they fraudulently misrepresented the risks involved. Plaintiff alleges, essentially, that he was injured as a result of the risks inherent in his employment, which is precisely the situation the Act was meant to cover.

In a case remarkably similar to this one, the Appellate Court, Fourth District, held that the plaintiff's cause of action was barred by the Act where the complaint failed to establish that defendants fraudulently misrepresented the dangers of chemicals to which plaintiff was exposed during work. (*Ryherd v. Growmark, Inc.* (1987), 156 Ill. App. 3d 667.) The *Ryherd* court distinguished *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, a case on which plaintiff relies. In *Handley*, plaintiffs alleged that defendants fully understood the risks inherent in working with asbestos, yet assured plaintiffs that no danger existed. Plaintiffs alleged that defendants' conscious purpose was that asbestos dust would become trapped in plaintiffs' lungs and that they would become sick and die. *Handley*, 124 Ill. App. 3d at 71-72.

In this case, like *Ryherd*, but unlike *Handley*, plaintiff does not allege that defendants were specifically aware of the dangers of the

various chemicals to which plaintiff allegedly was exposed or that they intentionally misrepresented these dangers to plaintiff. In the absence of these or similar allegations, there is no support for the conclusion that defendants specifically intended to injure plaintiff. Therefore, the exclusive remedy provisions of the Act bar the cause of action, and the trial court properly dismissed the complaint.

For the foregoing reasons, the judgment of the circuit court dismissing plaintiff's second amended complaint is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.