Janine KATONAH, Plaintiff,

v.

USAir, INC., et al., Defendants.

Sarah McCOY, Plaintiff,

v.

USAir, INC., et al., Defendants.

Carole Griffin RUZICH, Plaintiff,

v.

USAir, INC., et al., Defendants.

Brett VAN BORTEL, Plaintiff,

v.

USAir, INC., et al., Defendants.

Nos. 94 C 5539, 94 C 6295, 94 C 6436 and 94 C 6437.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 17, 1994.

Philip H. Corboy, Thomas A. Demetrio, Michael Kelly Demetrio, David Casey Wise, Robert A. Clifford, Kevin P. Durkin, Corboy, Demetrio & Clifford, P.C., Chicago, IL, for Carole Griffin Ruzich, Sp. Adm'r of Estate of Daniel Ruzich, deceased.

Michael M. Lane, Ann Paton Goodman, McCullough, Campbell & Lane, Chicago, IL, Dane B. Jaques, Mark A. Dombroff, Dombroff & Gilmore, Washington, DC, for USAir, Inc., Gerald E. Fox.

Allan Horwich, Frederick J. Sperling, Schiff, Hardin & Waite, Chicago, IL, Kevin Christian Osborn, Perkins Coie, Seattle, WA, for Boeing Co., a Corp.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court are the motions of plaintiffs Sarah McCoy, Carole Griffin Ruzich, and Brett Van Bortel (collectively "Plaintiffs") to remand their cases to the Circuit Court of Cook County, Illinois, where the cases were initially filed.[1] For the foregoing reasons, the motions are granted.

---

1. Although the three cases involved were each filed under separate court numbers and have not been consolidated, the court treats the motions as one since the facts and issues are identical. However, case number 94 C 5539 was filed in this court; thus, the instant remand issue does not apply to her case.

### BACKGROUND

USAir's Flight 427 crashed on September 8, 1994, *en route* from Chicago, Illinois, to Pittsburgh, Pennsylvania. All 132 passengers and crew aboard the USAir's Boeing 737 were killed. Plaintiffs' cases arise from that tragedy.

On October 6, 1994, Plaintiffs filed their cases in the Circuit Court of Cook County, Illinois. Plaintiffs named as defendants USAir, Inc. ("USAir"), The Boeing Company ("Boeing"), and Gerald E. Fox ("Fox"). USAir is a Delaware corporation with its principal place of business in Virginia.[2] Boeing is a Delaware corporation with its principal place of business in the state of Washington. Gerald Fox is a citizen of the state of Illinois. After learning of Plaintiffs state actions, USAir filed notices of removal, to which Fox and Boeing consented, on October 18, 1994, for the *McCoy* matter, then again on October 26, 1994, for the *Ruzich* and *Van Bortel* matters. The three cases were then reassigned to this court based on relatedness pursuant to Northern District of Illinois Local Rule 2.31. In response, Plaintiffs filed their motions to remand on October 31, 1994.[3]

### DISCUSSION

Plaintiffs have filed motions to remand their cases back to the Illinois Circuit Court, County of Cook. This court has addressed the standard for dealing with whether a case, once removed, may remain in the federal courts in *Navarro v. Subaru of Am. Operations, Inc.*, 802 F.Supp. 191, 194 (N.D.Ill.1992) and again in *Stemmons v. Toyota Tsusho Am. Inc.*, 802 F.Supp. 195, 197 (N.D.Ill.1992):

> The propriety of removal depends on whether the suit, as plaintiff framed or easily could have framed it in the complaint, would have been within this court's jurisdiction at the time of removal. [citations omitted.]
>
> The district court must jealously guard its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction. *See In re Shell Oil Co.*, 966 F.2d [1130] at 1133 (28 U.S.C. § 1447(c) requires district courts to "remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge)"). Questions on removal are accordingly strictly construed against federal jurisdiction. *Hess v. Great Atlantic & Pac. Tea Co.*, 520 F.Supp. 373 (N.D.Ill.1981); *see also Holly Farms Corp. v. Taylor*, 722 F.Supp. 1152, 1156 (D.Del.1989) (removal strictly construed; federal court should remand if doubt exists as to right of removal). And ambiguities are resolved against removal when doubt exists as to jurisdiction. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 663 (7th Cir.1976).

*Navarro*, 802 F.Supp. at 192–93; *Stemmons*, 802 F.Supp. at 197.

The central issue presently before the court is whether Plaintiffs named as defendant a party, who has the same citizenship as Plaintiffs, against whom recovery is not possible.[4] In an effort to retain their cases on a

---

**2.** Plaintiffs contend that USAir's principal place of business is in Pennsylvania, or North Carolina, due to the location of USAir's "hubs." The court disagrees. USAir's principal place of business is determined by the "nerve center" test. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir.1991). The court finds that USAir's nerve center is its executive offices, where the crucial decisions are made, located in Virginia. *See In re Air Crash Disaster Near Chicago*, 644 F.2d 594 (7th Cir.1981). Furthermore, the court is not persuaded by Plaintiffs' argument that USAir's evidence "provides absolutely no evidence to support of [sic] USAir's claim of Virginia's citizenship."

**3.** The court is aware that these matters potentially could be consolidated and transferred pursuant to 28 U.S.C. § 1407 to Multidistrict Litigation.

**4.** Although USAir devotes 18 pages of thoughtful argument to support the proposition that the doctrine of federal preemption (or complete preemption) applies, the court is not persuaded. As an aside, the court notes that Judge William W. Schwarzer, Alan Hirsch, and Edward Sussman submitted a proposal at the recent Judicial National Mass Tort Conference which suggests that Congress expand § 1407 to require only minimal diversity in an effort to curb overlapping discovery, and facilitate global settlements. *Judicial Federalism—A Modest Legislative Proposal*, submitted Nov. 10, 1994. Nevertheless, even mindful of a trend favoring multidistrict litigation, the

state court's docket, litigants will name parties with the same citizenship as a defendant to destroy diversity jurisdiction. To limit this type of strategy, the courts developed the doctrine of fraudulent joinder. " 'Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent.' " *Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, at 1314 (7th Cir.1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993)); *Faucett v. Ingersoll–Rand Mining & Machinery Co.*, 960 F.2d 653, 654–55 (7th Cir.1992). That is, where joinder of a defendant, that otherwise would destroy diversity, is found to be fraudulent, then removal is proper. *Hoosier Energy Rural Elec. Cooperative, Inc.*, 34 F.3d at 1314. " 'Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts.' " *Id.* (quoting *Gottlieb*, 990 F.2d at 327). Litigants should be aware, though, the term "fraudulent" has no connection to the plaintiff's motive when filing his case. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). Rather, "in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Id.* The motives for adding an in-state defendant are irrelevant.

■ The burden of establishing the applicability of the fraudulent joinder doctrine is substantial and is born by the party seeking federal diversity jurisdiction. *Id.* All issues of law and fact are resolved in favor of the plaintiff. Under this light, the court must ask both whether jurisdictional facts were fraudulently pled and whether any reasonable possibility exists that a state court would find a cause of action against the nondiverse defendant. *Id.*

■ Defendants do not argue that Plaintiffs fraudulently pled jurisdictional facts. (*See* Boeing Resp. to Remand at 3.) Hence, the court questions whether Fox is a defendant against whom Plaintiffs could possibly secure a judgment. The court determines whether the claim against Fox could stand in an Illinois court construing all ambiguities in favor of finding a cause of action. *Poulos,* 959 F.2d at n. 3. If Illinois law recognizes the cause of action against Fox as outlined in Plaintiffs' complaints, then the case must be remanded to the state court.

■ Yet, the court is aware that since the crash occurred out of state, a state court would apply its conflict of laws rules to determine which state's law controls. "It is a well settled principle that the court, exercising diversity jurisdiction over the parties and sitting in the State of Illinois, must apply Illinois' choice-of-law rules...." *Boggs v. Adams,* 838 F.Supp. 1293, 1295 (N.D.Ill. 1993). Illinois adheres to the most significant relationship test which, for wrongful death and tort cases, requires courts to place significant weight on the situs of the accident. *Abbott Labs. v. Nutramax Prods., Inc.,* 844 F.Supp. 443, 446 (N.D.Ill.1994). Here, the situs of the occurrence was in Pennsylvania, the crash location. Hence, an Illinois court would presumably apply Pennsylvania law to determine whether the complaint states a cause of action against Fox. Therefore, this court would apply the law of Pennsylvania. However, all parties failed to raise the issue of which state law should apply. "[I]n diversity cases, absent a challenge by either party to the choice-of-law, the law of the forum state will govern the substantive issues raised in the pleadings." *Boggs,* 838 F.Supp. at 1296; *see also Trans-America Ins. Co. v. South,* 975 F.2d 321, 327 (7th Cir.1992). Accordingly, the law of Illinois controls the issue here.

■ The question of whether an Illinois court would recognize a particular claim as stating a cause of action is analyzed in the context of a motion to dismiss. *See* 735 ILCS 5/2–616. It seems fitting that this court apply Illinois' motion to dismiss standard in its own analysis. Illinois courts accept all well-pleaded facts as true when considering a motion to dismiss. *Glowacki v. Moldtronics, Inc.,* 264 Ill.App.3d 19, 201 Ill.

court will not accept USAir's invitation, under the guise of federal preemption, to both forgive the absence of established diversity requirements

and dismiss all state common law causes of action.

Dec. 706, 636 N.E.2d 1138 (1994) (citing *Di-Benedetto v. Flora Township*, 153 Ill.2d 66, 178 Ill.Dec. 777, 605 N.E.2d 571 (1992)). "No cause of action should be dismissed unless it is apparent that the plaintiff will not recover under any proven set of facts." *Glowacki*, 201 Ill.Dec. at 708, 636 N.E.2d at 1140. Furthermore, although Illinois does not subscribe to the federal court's notice pleading rule, a complaint will be liberally construed to do justice between the parties. *Kaden v. Kagann*, 260 Ill.App.3d 256, 200 Ill.Dec. 176, 178, 635 N.E.2d 515, 517 (1994) (citing 735 ILCS 5/2–603(c) (West 1992)). Therefore, Plaintiffs can state a cause of action against Fox in an Illinois state court if the complaints, liberally construed, state a recognized cause of action.

■ In Plaintiffs' complaints, they allege that Fox was negligent in one or more of the following respects: (1) negligent in conducting the pre-flight maintenance or inspection; (2) negligent in supervising the maintenance or inspection; (3) negligent in failing to instruct those he supervises properly; or (4) negligent in failing to adequately investigate a complaint of an unusual noise. (Compl. ¶ 9, at 7.) Except for the fourth allegation, the complaints fundamentally allege that liability should attach on Fox as the supervisor in charge of USAir's mechanic crew, and not directly.

■ The principle in Illinois governing supervisory liability provides that, although an employer may be liable, a supervisor may not be held strictly liable for the employee who committed the tort. *Northrop v. Lopatka*, 242 Ill.App.3d 1, 182 Ill.Dec. 937, 941, 610 N.E.2d 806, 810 (1993). "An agent cannot be held responsible for the negligence of another agent unless he is guilty of fraud or gross negligence in the selection of such other agent or improperly cooperated with him in his acts or omissions." *Id.* The *Northrop* court quoted from the Restatement of Agency in its reasoning: "The agent ... is not subject to liability for the conduct of other agents unless he is at fault in appointing, supervising, or cooperating with them." *Id.* (quoting Restatement Second of Agency § 358(1)). Therefore, as a matter of law, Fox may not be held liable in an Illinois court unless the complaint demonstrates, with more than conclusive allegations, that Fox was (a) fraudulent, (b) grossly negligent in appointing an agent, or (c) negligent in cooperating with his employees. Again, the first three allegations state that Fox failed to supervise in the framework of respondeat superior, and did not allege a form of direct liability which could be supported by the facts disclosed in the parties' limited discovery. Accordingly, the first three negligence allegations in Plaintiffs' complaints, even liberally construed, fail to state a cause of action against Fox that would be recognized in an Illinois court.

■ The only personal connection that Fox could conceivably have was his alleged failure to investigate an errant noise reported to be in the plane. The first inquiry, then, is whether an employee may be held liable to the employer's customers for breach of a duty. It is well settled that an employer will be liable for the actions of its employees. *In re Estate of Divine*, 263 Ill.App.3d 799, 200 Ill.Dec. 242, 248, 635 N.E.2d 581, 587 (1994) (citing *Towns v. Yellow Cab Co.*, 73 Ill.2d 113, 22 Ill.Dec. 519, 382 N.E.2d 1217 (1978)). Yet, it is also established that "any act of the servant which renders the master liable also renders the servant liable." *Towns*, 22 Ill.Dec. at 523, 382 N.E.2d at 1221; *Downing v. Chicago Trans. Authority*, 162 Ill.2d 70, 73, 204 Ill.Dec. 755, 757, 642 N.E.2d 456, 458 (Ill.1994). Therefore, Fox could be held directly liable to Plaintiffs for his personal breach of a recognized duty.

■ The final question is whether the facts presented to the court demonstrate that Fox breached a personal duty to Plaintiffs, thereby stating a cause of action cognizable in a state court. Fox is alleged to have failed to investigate a noise which a customer reported directly to Fox. USAir concedes the following in its response:

Fox received a telephone call from an unidentified woman who indicated that her husband was scheduled to depart on an upcoming flight, and that she allegedly overheard a passenger departing the aircraft who claimed to have heard a "noise," which he did not describe, during the inbound flight. Mr. Fox does not recall why,

but he assumed the reference was to Flight 427.

After receiving the call, Mr. Fox left his office, walked up the boarding bridge, and spoke to the Captain of Flight 427, who was the same Captain on the incoming flight. Mr. Fox advised the Captain of the telephone call and conveyed the report of an unidentified noise on the inbound flight. Mr. Fox asked the Captain if there were any problems. The Captain replied "no, we have a good airplane." Based on the Captain's reply, Mr. Fox took no further action.

(USAir Resp. at 3.) USAir contends that Fox appropriately addressed any concern by advising the pilot of Flight 427. Yet, the standard guiding the court's inquiry provides that a case may remain in federal court only if "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court...." *Hoosier Energy Rural Elec. Cooperative, Inc.*, 34 F.3d at 1314. The court is hard pressed to conclude that there is no possibility that Fox had a cognizable duty to the passengers of Flight 427 which he might have breached. Therefore, mindful of the weighty burden oppressing defendants, the court finds that defendants failed to establish that a state court could not hold Fox liable, in some part, for the air crash. Accordingly, since a cause of action might be sustained in a state court, this court finds that Fox was not fraudulently joined and, thus, remands this matter to the Cook County Circuit Court of Illinois.[5]

## CONCLUSION

For the foregoing reasons, the court grants Plaintiffs' motions to remand the cases to the state courts and orders the clerk to mail the certified copy forthwith.[6]

IT IS SO ORDERED.

---

5. This order does not preclude defendants from removing the cases in the event that Fox is dismissed from the state actions during the course of the state litigations. *See* 28 U.S.C. § 1446(b).

6. The court, in its discretion, may order the clerk to delay mailing a certified copy of the remand order for fourteen days following the date of docketing the order. N.D.Ill.Local Rule 30(B). Given that the court labored to rule before the Multidistrict Litigation Panel convened, delay would defeat the court's efforts.