BEVERLY NORTHROP, Plaintiff-Appellant, v. CRAIG LOPATKA, Defendant-Appellee (Phillip N. Wheat *et al.*, Defendants).

Fourth District   No. 4—92—0487

Opinion filed March 25, 1993.

Cook, Shevlin, Keefe, Ysursa, Brauer & Bartholomew, Ltd., of Belleville (Gregory L. Shevlin, of counsel), for appellant.

Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur (Evan H. Johnson, of counsel), for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiff appeals that portion of the order of summary judgment entered in favor of defendant Dr. Craig Lopatka, the striking of her expert's affidavit (which was attached to her motion to reconsider), and the denial of her motion to file a fourth-amended complaint. We affirm.

On September 27, 1987, plaintiff went to the dental office of Williams, Colantino, Wheat and Scannura, Ltd. (dental office), to have X rays taken preparatory to oral surgery. A dental assistant used a Panorex X-ray machine to take films of plaintiff's mouth. During the series of exposures the machine struck plaintiff's upper lip and stopped its circular movement around her face. Plaintiff noticed a quick, sharp pain to the back of her neck at the time of contact with the machine. The dental assistant then stepped into the room and moved the machine back from plaintiff's face, so it could complete the

series of X-ray exposures. When this procedure was completed, plaintiff saw Dr. Lopatka, the only dentist then present at the dental office, to discuss the upcoming surgery. She did not mention the X-ray machine had hit her face. Plaintiff returned to the dental office on October 8, 1987, and had oral surgery performed by Dr. Wheat. She said nothing at that time to Dr. Wheat, to the receptionist, or to the nurses about the X-ray machine striking her. Plaintiff thereafter experienced various medical problems.

Plaintiff filed a seven-count complaint against the four named defendants. During the course of proceedings plaintiff twice amended her complaint, confessed a motion for summary judgment filed by defendant Keystone X-Ray, and voluntarily dismissed defendant S.S. White Dental Products International.

At the time of the motion for summary judgment, filed by Drs. Lopatka and Wheat, the only pleading before the court was plaintiff's third-amended complaint. The only remaining counts of that complaint were counts I and II, alleging batteries committed through an agent by Drs. Lopatka and Wheat, respectively, and count V, alleging dental malpractice through an agent by Dr. Lopatka. The affidavit of Dr. Lopatka was attached to defendants' motion for summary judgment, stating that both he and the dental assistant were employees of the dental office and that he was neither an officer nor a shareholder of that corporation.

The court granted defendants' motion, finding plaintiff had confessed the motion for summary judgment on the battery alleged in count II against Dr. Wheat as well as subparagraphs 7(a), (c), and (d) of count V, the dental malpractice alleged against Dr. Lopatka. As to count I, the battery allegedly committed by Dr. Lopatka through his agent, the court found that Dr. Lopatka had no personal liability to plaintiff by virtue of his status as a supervisor and coemployee of the dental assistant. Plaintiff does not appeal the summary judgment on counts I or II, but only that portion of the summary judgment dealing with count V, subparagraph 7(b).

That claim alleges Dr. Lopatka "[n]egligently and carelessly allowed the Panorex machine to strike the plaintiff by and through his agent, servant, or employee." As to this claim the count found (1) plaintiff presented no evidence Dr. Lopatka deviated from any applicable standard of care in relation to treatment he gave the plaintiff; (2) there was no proximate causal relationship between any acts or omissions by Dr. Lopatka and injuries claimed by the plaintiff; (3) Dr. Lopatka was the supervisor and coemployee of the dental assistant who took the X ray of the plaintiff and had no liability for acts in

which he neither participated nor directed; (4) under the provisions of the Illinois Dental Practice Act (Act) (Ill. Rev. Stat. 1987, ch. 111, par. 2301 *et seq.*), Dr. Lopatka was not personally liable for the alleged acts of the dental assistant; and (5) plaintiff's own expert testified that Dr. Lopatka was not responsible for direct supervision of the act the dental assistant was performing at the time of the alleged injury.

Plaintiff filed motions to reconsider the order of summary judgment, attaching in support an affidavit signed by her dental expert, and asking leave to file a fourth-amended complaint. Dr. Lopatka moved to strike the affidavit. At a hearing on all pending motions, plaintiff acknowledged there were no issues sought to be raised in her fourth-amended complaint that had not been addressed by the court in granting the defendants' motion for summary judgment on her third-amended complaint. The court allowed the motion to strike the affidavit of plaintiff's expert for failure to comply with Supreme Court Rule 191 (134 Ill. 2d R. 191) and for contradicting previous deposition testimony, and denied plaintiff's motions to reconsider and for leave to file a fourth-amended complaint.

Pursuant to section 2—1005(c) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c)), summary judgment is proper if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 294, 529 N.E.2d 552, 555.) On defendant's motion for summary judgment, plaintiff (who has the overall burden of proof) is not required to establish his case as he would at trial, but plaintiff must present some factual basis that would arguably entitle him to judgment. (*Benner v. Bell* (1992), 236 Ill. App. 3d 761, 769, 602 N.E.2d 896, 901; *Swisher v. Janes* (1992), 239 Ill. App. 3d 786, 794, 606 N.E.2d 798, 804.) In a dental malpractice case a plaintiff must present expert testimony to establish the proper standard of care, evidence the defendant deviated from that standard of care and that the deviation proximately caused plaintiff's injury. See *Addison*, 124 Ill. 2d at 297, 529 N.E.2d at 556.

The acts allegedly giving rise to plaintiff's injury are those of the dental assistant who operated the X-ray machine which struck the plaintiff. Plaintiff has presented no factual showing of a deviation in the standard of care on the part of Dr. Lopatka, through any of his acts or omissions, which proximately caused her injuries. While the deposition testimony of plaintiff's expert arguably established a deviation in the standard of care by the dental assistant, plaintiff's cause of

action is not directed against the dental assistant or the dental assistant's employer (the dental office), but rather against Dr. Lopatka. To survive a motion for summary judgment plaintiff must present some articulable facts creating or implying a legal relationship between the dental assistant and Dr. Lopatka recognized under statutory or common law sufficient to impute liability to him for the plaintiff's injuries. (See *Palmer v. Miller* (1942), 380 Ill. 256, 259-60, 43 N.E.2d 973, 975.) The unrefuted affidavit submitted by Dr. Lopatka established that both he and the dental assistant were employees of the dental office and Dr. Lopatka had no interest in that corporation. Plaintiff has presented no legally cognizable theory supporting her allegation that the dental assistant acted as the agent of Dr. Lopatka. Rather, the facts indicate both are agents of the dental office, an entity not a party to this litigation.

■ An agent cannot be held responsible for the negligence of another agent unless he is guilty of fraud or gross negligence in the selection of such other agent or improperly cooperated with him in his acts or omissions. (*Bunyan v. American Glycerin Co.* (1923), 230 Ill. App. 351, 356; see also *Johnson v. Turner* (1943), 319 Ill. App. 265, 280, 49 N.E.2d 297, 304.) The common law does not impose strict liability on an employee who is merely the supervisor, but not the employer, of the employee who commits the tort. (See *McKinnon v. City of Berwyn* (7th Cir. 1984), 750 F.2d 1383, 1390.) Section 358(1) of the Restatement (Second) of Agency, provides "[t]he agent of a disclosed or partially disclosed principal is not subject to liability for the conduct of other agents unless he is at fault in appointing, supervising, or cooperating with them." (Restatement (Second) of Agency §358(1), at 132 (1958).) Essentially, in order to be subject to liability for the acts of other agents, Dr. Lopatka must be personally at fault. Plaintiff has presented no evidentiary facts showing Dr. Lopatka improperly supervised the dental assistant. The deposition testimony of plaintiff's own expert indicated that the standard of care did not require Dr. Lopatka's presence in the X-ray room or his direct supervision of the dental assistant during the time the X-ray film was taken. Moreover, plaintiff confessed the motion for summary judgment as to her allegation that Dr. Lopatka negligently supervised the dental assistant. The cases cited by plaintiff in support of her claim for "derivative" liability have no application to the facts of this case; the cases recognize the rule of vicarious liability only where a principal and agent or employer and employee relationship is shown. (See *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387; *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) In

this case, no such relationship has been shown and there is no basis for imputing vicarious liability to Dr. Lopatka.

■■ Plaintiff next contends that various provisions of the Act raise a "question" of a statutorily imposed agency relationship between the dental assistant and Dr. Lopatka sufficient to preclude the entry of summary judgment. Section 4(f) of the Act defines "[d]ental assistant" as follows: " 'Dental assistant' means an appropriately trained person who, under the supervision of a dentist, provides dental services as authorized by Section 17." (Ill. Rev. Stat. 1987, ch. 111, par. 2304(f).) Section 4(h) defines "[s]upervision" as follows: " 'Supervision' means supervision of a dental hygienist or a dental assistant requiring that a dentist authorize the procedure, remain in the dental facility while the procedure is performed, and approve the work performed by the dental hygienist or dental assistant before dismissal of the patient, but does not mean that the dentist must be present at all times in the treatment room." Ill. Rev. Stat. 1987, ch. 111, par. 2304(h).

Section 17, entitled "Acts constituting the practice of dentistry," includes provisions exempting certain procedures from the operation of the Act, including the following:

"(f) The use of X-Ray machines for exposing X-Ray films of dental or oral tissues by dental hygienists or dental assistants; or

(g) The performance of any dental service by a dental assistant, if such service is performed under the supervision and full responsibility of a dentist.

For purposes of this paragraph (g), 'dental service' is defined to mean any intraoral procedure or act which shall be prescribed by rule or regulation of the Department." Ill. Rev. Stat. 1987, ch. 111, pars. 2317(10)(f), (10)(g).

Plaintiff points to the Act's definition of "supervision" and the "full responsibility" language of section 17(10)(g) and claims those provisions raise a "question" of a statutorily created agency relationship between a supervising dentist and a dental assistant. The Act prohibits persons who are not dentists from practicing dentistry. There is an exception, however, for dental assistants. The performance of any dental service by a dental assistant is exempt from the operation of the Act, if such service is performed under the supervision and full responsibility of a dentist. A separate subsection deals with the taking of X-ray films by a dental assistant, which are not said to be the performance of a dental service, or to require the supervision of a dentist. Plaintiff has not explained how a provision

which on its face exempts certain procedures from the practice of dentistry operates instead to impose vicarious liability on a dentist who is not a principal. We decline to do so.

Plaintiff next argues the trial court erred in striking the affidavit of her expert, attached to her motion for reconsideration and first submitted following the entry of summary judgment. The trial court struck that affidavit based on noncompliance with Supreme Court Rule 191. The court found the affidavit lacked evidence of the administration of an oath and contained a statement contradicting opinions expressed by the same expert in his deposition. Plaintiff claims the affidavit was offered to "clarify" previous deposition testimony of the expert incorrectly construed by the court.

The signed affidavit identifies the affiant as the same licensed dentist who gave previous deposition testimony in the case and recites that affiant, "after being duly sworn upon my oath depose and state as follows." There is no acknowledgement, signature of a notary, or notary seal. The half-page affidavit states "the striking of a patient's face with a rotating arm of a Panorex machine is a deviation from the standard of care by the dentist responsible, as here, Dr. Lopatka."

Supreme Court Rule 191 does not expressly require that affidavits include evidence of the administration of an oath to the affiant. (134 Ill. 2d R. 191.) An affidavit must be signed by the deponent or his name must appear therein as the person who took the oath, in order to constitute a formal affidavit. (*Theobald v. Chicago, Milwaukee & St. Paul Ry. Co.* (1898), 75 Ill. App. 208, 213.) A statement which does not show that the person who made it was under oath is not an affidavit. (*Manuel v. McKissack* (1978), 60 Ill. App. 3d 654, 657, 377 N.E.2d 219, 221.) An unsigned deposition which recites that the deponent testified " 'after having been first dully [*sic*] sworn,' " however, is sufficient as an affidavit. (*Manuel*, 60 Ill. App. 3d at 655, 377 N.E.2d at 220.) Most court reporters who take depositions are qualified to administer oaths, but there is no indication in this affidavit who might have been so qualified. We nevertheless conclude that the affidavit here was minimally sufficient, as the deponent's name appears as one having taken an oath. We believe, however, the affidavit fails to meet the substantive provisions of Rule 191 and was properly stricken.

■ While the affiant expresses a medical opinion that the striking of the plaintiff with the X-ray machine was a deviation from the standard of care, the affidavit summarily reaches the legal conclusion Dr. Lopatka was "responsible" for this deviation without reciting any facts showing a breach of the standard of care by Dr. Lopatka. *Wil-*

*son v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, held that an expert may give opinion testimony *at trial* without disclosing the facts underlying such opinion. *Wilson,* however, has no relevance to summary judgment procedure. A witness at trial can be cross-examined, but a summary judgment affidavit cannot. (*Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1080, 478 N.E.2d 464, 468; *Miklos v. Caliendo* (1987), 161 Ill. App. 3d 132, 136, 514 N.E.2d 35, 38.) Supreme Court Rule 191 is specific in mandating that affidavits not consist of conclusions but set forth facts admissible in evidence. (134 Ill. 2d R. 191.) Supreme Court Rule 220 similarly requires that an expert disclose the bases for his opinion in advance of trial. (134 Ill. 2d R. 220.) Although no case has expressly disagreed with the first district's opinion in *Kosten,* it has been suggested that later cases have been inconsistent with it. (4 R. Michael, Illinois Practice §39.3, at 249-51 & n.13 (1989), citing *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; and *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 598, 491 N.E.2d 803, 813 (which we note states "An expert is permitted in Illinois to state an opinion on the ultimate issue"); see also *Brown v. Kidd* (1991), 217 Ill. App. 3d 860, 865, 578 N.E.2d 224, 229 (expert opinion affidavits may consist of conclusions); but see *O'Rourke v. Oehler* (1989), 187 Ill. App. 3d 572, 584-85, 543 N.E.2d 546, 555 (conclusory affidavit of opinion of human factors expert could not be considered).) Both *Taylor* and *Purtill* involved affidavits filed by defendants in medical malpractice cases. In medical malpractice cases plaintiffs generally have an affirmative duty in cases such as this, apart from any affidavits filed by defendants, to come up with expert testimony supporting their case, and their failure to do so will justify the entry of summary judgment against them. We believe that *Kosten* states the correct rule, and choose to follow *Kosten* in the absence of any direct statement by the supreme court.

The expert's affidavit fails to allege facts indicating Dr. Lopatka has breached a standard of care owed the plaintiff. Unsupported allegations in a complaint cannot raise factual issues where the affidavits which support a motion for summary judgment are to the contrary. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Plaintiff cannot circumvent this rule by supplementing an unsupported complaint with an expert's conclusory affidavit. Affidavits submitted in opposition to motions for summary judgment must consist of facts admissible in evidence as opposed to conclusions, and conclusory matters may not be considered in opposition to motions for summary judgment. (*O'Rourke,* 187 Ill. App. 3d at 585, 543 N.E.2d at 555.) The purpose of summary judgment is to determine whether a

triable issue of fact exists. (*Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 511 N.E.2d 805.) Plaintiff cannot create a trial issue of fact by the conclusory affidavit of its expert.

Plaintiff last asserts the court abused its discretion in denying leave to file her fourth-amended complaint. Decisions whether a pleading may be amended pursuant to section 2—616(a) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(a)) are committed to the sound discretion of the trial court. (*Lawry's The Prime Rib, Inc. v. Metropolitan Sanitary District of Greater Chicago* (1990), 205 Ill. App. 3d 1053, 1058, 563 N.E.2d 981, 984.) In determining whether an abuse has occurred, the reviewing court is to consider whether (1) the proposed amendment would cure the defective pleading, (2) other parties would sustain prejudice or surprise by virtue of the proposed amendment, (3) the proposed amendment is timely, and (4) previous opportunities to amend the pleading could be identified. *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16.

■ During the hearing on the motion to amend, as well as during the earlier hearing on the motion for summary judgment, plaintiff conceded that her proposed fourth-amended complaint raised no new issues or facts that had not been raised in the third-amended complaint. Given this admission, and the fact the court had earlier found the pleadings and other evidentiary documents presented no genuine issue as to any material fact, there was no reason to allow the filing of a fourth-amended complaint. We find no abuse of discretion in the trial court's denial of plaintiff's motion to amend. The judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH and GREEN JJ., concur.