THIRD DIVISION

March 28, 2001

No. 1-99-3602

ELEAZAR LANDEROS and LUZ MARIA )  

LANDEROS, )   Appeal from the 

)   Circuit Court of

Plaintiffs-Appellants, )   Cook County.

)

v. )  

)   

EQUITY PROPERTY AND DEVELOPMENT, )

and BEARLAND VISTAS, INC., both )

d/b/a FORD CITY SHOPPING CENTER, )   Honorable 

)   Diane J. Larsen,

Defendants-Appellees. )   Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

     This case demonstrates the price that can be paid for an offhand approach to the rules that govern civil proceedings.

BACKGROUND

     Eleazar Landeros (Eleazar) and Luz Maria Landeros (Luz Maria) brought this negligence action against Equity Property and Development (Equity) and Bearland Vistas, Inc. (Bearland), after Eleazar was shot by a third party in the parking lot of Ford City Shopping Center (Ford City).  Ford City is maintained and operated by Equity and Bearland.  Plaintiffs allege the shooting was caused by defendants' negligent failure to provide adequate security in the parking lot of Ford City.

     Defendants filed a motion for summary judgment.  After plaintiffs filed their response to the motion, defendants filed a motion to strike the exhibits attached to plaintiffs' response.  The trial court granted defendants' motion to strike, as well as their motion for summary judgment.  Plaintiffs filed a motion to reconsider, which the trial court denied.  

     Plaintiffs appeal both the trial court's ruling on the motion for summary judgment and its ruling on the motion to reconsider, contending: (1) the trial court erred in finding defendants did not owe a duty to protect plaintiffs from criminal attack; and (2) a genuine issue of fact exists as to whether defendants negligently failed to provide adequate security.

     We affirm.

FACTS

     Eleazar and Luz Maria were shopping at Ford City with two of their children, Ileana and Octavio, on February 27, 1994.  As they exited the shopping center and walked toward a CTA bus stop, Eleazar was shot in the arm and chest by a third party.  Luz Maria was allegedly injured when Eleazar pushed her to the ground in an attempt to protect her from the shots fired.  Equity employed security personnel to provide security services at the mall.

PROCEDURAL FACTS

     Plaintiffs filed this suit in December 1994.  In January 1999, defendants filed a motion for summary judgment.  In their motion, defendants argued plaintiffs could not establish defendants had a duty to secure the parking lot from intervening criminal attacks by third parties.  Defendants attached a transcript of Eleazar's deposition testimony, and referred to his statement that the shooting occurred in the mall parking lot.

     Defendants also argued plaintiffs could not establish the incident was the result of inadequate security.  They attached David Levenberg's affidavit, in which he said:

     "1.  I am the Corporate Director of Security for General Growth Management, Inc. and I am responsible for Public Safety and Loss Prevention programs for over 120 regional shopping centers.  I have worked in the field of security of shopping facilities and retail for over 20 years.

     2.  I am familiar with the standard of care for security at shopping centers in the Chicago area.

     3.  It is my opinion based on a reasonable degree of certainty, that all times [sic] relevant and in particular that on February 27, 1994, the security at Ford City Shopping Center complied with the standard of care applicable in the Chicago area and on a national level and conformed to the acceptable standard of care of security pertaining to shopping centers in the Chicago area in 1994."  

     Plaintiffs responded to the summary judgment motion, arguing defendants had a duty to protect them from criminal attack by third parties because similar incidents had occurred on the mall premises in the past, making the incident reasonably foreseeable.  Plaintiffs attached a Chicago Police Department "Listing of Case Reports" as support for these assertions.  This list showed all of the reported offenses that occurred at the mall's address from December 1993 through March 1994.  Plaintiffs also attached the affidavit of Patrick Halpin, which said: 

     "1.  I am currently and have been a Chicago Police Officer since March 1976.  I am presently the afternoon and evening supervisor for the Treasure Island Shopping Mall located on Clybourn Avenue, and have been employed there since 1994 as a security guard.  Similarly I am a security guard at Finkl Steel Mill located on Cortland Ave., and have been employed as a security guard there since 1989.

     2.  I am familiar with the standard of care and security procedures for shopping centers in the Chicago area.

     3.  It is my opinion that based on a reasonable degree of certainty, that at all times relevant and in particular that on February 27, 1994, the security at Ford City Shopping Center did not comply with the standard of care applicable in the Chicago area, and did not conform to the acceptable standard of care pertaining to shopping centers in the Chicago area in 1994."

     Defendants replied to plaintiffs' response, and filed a motion to strike both the "Listing of Case Reports" and Halpin's affidavit.  Defendants argued plaintiffs failed to authenticate the case reports, and as such they were inadmissible.  They argued Halpin's affidavit was conclusory and did not comply with Supreme Court Rule 191.  145 Ill. 2d R. 191.  Defendants also argued plaintiffs failed to identify Halpin as an expert witness pursuant to Supreme Court Rule 213 (177 Ill. 2d R. 213), and did not establish Halpin's expertise in security issues.

     The trial court granted defendants' motion to strike and their motion for summary judgment on May 12, 1999.  

     Plaintiffs filed a motion for reconsideration, attaching several new documents and affidavits as exhibits.  The new exhibits included the deposition testimony of Donald Story, taken on April 21, 1998.  Story's deposition exhibits were included with his deposition.  These exhibits consisted of Ford City's security log, several Ford City security incident reports, Chicago Police Department reports, and a document entitled "Responsibilities of Security."    

     Plaintiffs attached several police reports to the motion to reconsider.  These were some of the same reports used as exhibits during Story's deposition.  Plaintiffs again attached the Chicago Police Department "Listing of Cases" stricken from their response to defendants' motion for summary judgment.  Plaintiffs authenticated the list with an affidavit from Sergeant O'Reilly, the record keeper for the Chicago Police Department.

     Plaintiffs attached several affidavits to their motion to reconsider.  Joseph Flynn, who was identified by defendants in 1997 as one of the security guards on duty at the time of the shooting, provided an affidavit.  In it, he said he was personally aware of a number of violent crimes that occurred in the Ford City parking lot prior to the shooting in this case.  He authenticated the "security log," kept by Ford City security personnel, listing offenses committed on the mall premises.

     Plaintiffs attached a new affidavit from Patrick Halpin.  This affidavit complied with Supreme Court Rule 191.  145 Ill. 2d R. 191.

     Plaintiffs attached the affidavit of Marie Biggane, a Chicago police officer, who said she was personally aware of a number of violent crimes that occurred in the mall parking lot and was aware of gang members frequenting the mall.

     Plaintiff attached the deposition testimony of Eleazar Landeros, Luz Maria Landeros, and Ileana Landeros.  All of these depositions were taken in 1996.

    Plaintiffs included an affidavit from their attorney that explained the delay in bringing the "new" evidence to the court's attention:

     "1.  I am the attorney of record for Eleazar Landeros and Luz Maria Landeros.  I was granted leave to file my appearance as their attorney on March 30, 1999. ***

     2.  The response to Defendant's [sic] Motion for Summary Judgment was due on and was filed on April 16, 1999.

     3.  I received from my clients what was purported to be the entire file in this matter on March 29, 1999.

     4.  On May 17, 1999, I learned for the first time that the file that I had did not contain Defendants Answers to Supplemental Interrogatories, which listed a former employee named Joseph Flynn.

     5.  On June 3, 1999, I received for the first time a copy of police report number Y-002873.  Upon receipt of the police report I learned for the first time that Chicago Police Officer Marie Biggane had reported the aggravated battery with bats and chains that reportedly occurred on January 2, 1994 in the parking lot of the defendants' shopping center.  At that time, I contacted the Officer and she indicated that she was aware of previous similar incidents that had occurred in the parking lot of the defendants' shopping center."

     The trial court denied plaintiffs' motion to reconsider on September 27, 1999.  

DECISION

Motion to Strike

     Plaintiffs contend the exhibits attached to their response to defendants' summary judgment motion were improperly stricken, and should have been considered by the trial court before ruling on the first summary judgment motion in May 1999.

     The granting of a motion to strike exhibits is within the sound discretion of the trial court.  
Cincinnati Cos. v. W. American Ins. Co.
, 287 Ill. App. 3d 505, 514, 679 N.E.2d 91 (1997).  

     The first exhibit attached to plaintiffs' response to the summary judgment motion was a Chicago Police Department "Listing of Case Reports" pertaining to Ford City.  Plaintiffs did not include an affidavit from someone who could attest to the list's authenticity.

     Plaintiffs' failure to authenticate the list made it inadmissible.  "Basic rules of evidence require that a party must lay the foundations for the introduction of a document into evidence."  
Gardner v. Navistar International Transportation Corp.
, 213 Ill. App. 3d 242, 247, 571 N.E.2d 1107 (1991).  In order to authenticate a document, evidence must be presented to demonstrate that document is what its proponent claims.  
Gardner
, 213 Ill. App. 3d at 247-48.  Plaintiffs failed to properly authenticate the case reports; as such, they were not admissible evidence.  
Gardner
, 213 Ill. App. 3d at 248.

     The second exhibit attached to plaintiffs' response was the affidavit of Patrick Halpin, plaintiffs' security expert.  In his affidavit, Halpin concluded, "[T]he security at Ford City Shopping Center did not comply with the standard of care applicable in the Chicago area."  He did not list any facts or evidence on which he relied in reaching this conclusion. 

     Supreme Court Rule 191 requires:

"Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."  145 Ill. 2d R. 191(a). 

     Because Halpin's affidavit was conclusory and did not include the facts upon which he based his opinions, the affidavit did not comply with Rule 191.  145 Ill. 2d R. 191; 
Northrop v. Lopatka
, 242 Ill. App. 3d 1, 8, 610 N.E.2d 806 (1993).  While an expert may give opinion testimony at trial without disclosing the facts underlying that opinion, under Supreme Court Rule 191 those facts must be laid out in an affidavit used to oppose a summary judgment motion.  
Northrop
, 242 Ill. App. 3d at 8 (plaintiff cannot create an issue of fact by the conclusory affidavit of its expert).  

    A review of the exhibits indicates they were properly stricken.  However, the record on appeal does not include a transcript of the hearing on the motion to strike or a bystander's report in compliance with Supreme Court Rule 323.  166 Ill. 2d R. 323.  An appellant has the burden of presenting a sufficiently complete record of the proceedings to support a claim of error.  In the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391, 459 N.E.2d 958 (1984).  Without an adequate report of the proceedings showing the basis for the trial court's ruling on the motion to strike, we must presume its decision was appropriate.  
Foutch
, 99 Ill. 2d at 391; see also 
In re Estate of Jacobs
, 189 Ill. App. 3d 625, 629, 545 N.E.2d 502 (1989)(Any doubt raised by an incomplete record will be resolved against the appellant).

Summary Judgment Motion

     Plaintiffs contend the trial court erred in granting defendants' motion for summary judgment, claiming the trial court failed to consider evidence which supported their allegations of negligence.

     Review of the trial court's ruling on a motion for summary judgment is 
de
 
novo
.  
Lajato v. AT&T, Inc.
, 283 Ill. App. 3d 126, 135, 669 N.E.2d 645 (1996).  Summary judgment is proper when the pleadings, depositions, and affidavits on file, construed in the light most favorable to the nonmoving party, establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  
Lajato
, 283 Ill. App. 3d at 135.  The purpose of the summary judgment procedure is not to decide the facts but to ascertain whether a factual dispute exists.  
Barber-Colman Co. v. A&K Midwest Insulation Co.
, 236 Ill. App. 3d 1065, 1070-71, 603 N.E.2d 1215 (1992).

     A possessor of land does not generally owe a duty to protect lawful entrants from criminal attacks by third parties.  
Hills v. Bridgeview Little League Assoc.
, Nos. 87895 & 87910, slip op. at 14 (2000).  An exception is recognized where the landholder and the entrant stand in a special relationship with each other that warrants imposing such a duty.  
Hills
, slip op. at 14.  Illinois Courts recognize four "special relationships" which impose a legal duty to warn or protect a person from harm: (1) carrier-passenger; (2) innkeeper-guest; (3) business inviter-invitee; and (4) voluntary custodian-protectee.  
Osborne v. Stages Music Hall, Inc.
, 312 Ill. App. 3d 141, 147, 726 N.E.2d 728 (2000).  

     "The existence of a special relationship does not, by itself, impose a duty upon the possessor of land *** Before a duty to protect will be imposed it must also be shown that the criminal attack was reasonably foreseeable."  
Hills
, slip op. at 27.  Plaintiff must establish it was objectively reasonable to expect the incident, not merely that it was conceivable that it might occur.  
Osborne
, 312 Ill. App. 3d at 147.  

     A duty may also arise where the landowner voluntarily undertakes to provide for the security of its entrants.  
Vaughn v. Granite City Steel Division
, 217 Ill. App. 3d 46, 52, 576 N.E.2d 874 (1991).  In such cases, a breach of that duty is established where the plaintiff shows the landowner failed to exercise reasonable care in the voluntary undertaking, and the failure increased the risk of harm to the plaintiff.  
Vaughn
, 217 Ill. App. 3d at 52.

     Plaintiffs' contentions on appeal suggest the trial court ignored evidence which showed numerous violent criminal attacks  occurred at Ford City prior to this one, as well as evidence showing defendants voluntarily undertook to provide security at the mall.  Plaintiffs also claim the trial court failed to consider evidence showing defendants' security was performed in a negligent manner, and that this negligence proximately caused plaintiffs' damages.  According to plaintiffs, this evidence established a material issue of fact sufficient to withstand a summary judgment motion.

     In fact, the trial court struck the only two exhibits attached to plaintiffs' response to the summary judgment motion.  After striking the exhibits, the trial court was left with the uncontradicted affidavit of defendants' security expert, attached to the summary judgment motion.  In this affidavit, defendants' expert said the security at Ford City complied with the standard of care.  

     Though plaintiffs now contend this affidavit does not comply with Supreme Court Rule 191, they failed to raise that issue in the trial court.  They cannot raise it for the first time on appeal.  See 
King v. Linemaster Switch Corp.
, 238 Ill. App. 3d 729, 731, 606 N.E.2d 584 (1992)(party must obtain ruling on a motion to strike from trial court in order to preserve issue for appeal).   

     Based on the evidence before the trial court when it ruled on the summary judgment motion, we find the trial court's decision was appropriate.  Plaintiffs failed to establish defendants had a legal duty to prevent criminal attack by a third party.  "In the absence of any showing upon which the court could infer the existence of a legal duty on the part of the defendant, no recovery would be possible as a matter of law, and summary judgment in favor of the defendant *** [is] proper."  
Hagy v. McHenry County Conservation District
, 190 Ill. App. 3d 833, 843, 546 N.E.2d 77 (1989).

Motion to Reconsider

     Plaintiffs also contend the trial court erred in refusing to grant its motion to reconsider the summary judgment ruling.

     The decision to grant or deny a motion for reconsideration lies within the discretion of the circuit court, and will not be reversed absent an abuse of that discretion.  
American National Trust Co. v. Kentucky Fried Chicken of Southern California, Inc.
, 308 Ill. App. 3d 106, 120, 719 N.E.2d 201 (1999).  The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law.  
Gardner
, 213 Ill. App. 3d at 248.  

     "Newly discovered" evidence is evidence that was not available prior to the hearing on the motion for summary judgment.  
Gardner
, 213 Ill. App. 3d at 248.  "Trial courts should not allow a litigant to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling."  
Gardner
, 213 Ill. App. 3d at 248. 

     Here, plaintiffs attached the affidavits of Joseph Flynn, a security guard at Ford City, and Officer Mary Biggane, a Chicago police officer, claiming they constituted "newly discovered evidence."  However, in their June 1997 answers to plaintiffs' supplemental interrogatories, defendants identified Flynn as one of the security officers assigned to Ford City on the day of the shooting.  The "security log" authenticated by Flynn in his affidavit was used as an exhibit during Donald Story's deposition in April 1998.  Because plaintiffs had the security log and could have obtained an affidavit from Flynn prior to the summary judgment hearing, this evidence cannot be said to have been "newly discovered."  

     Nor does the affidavit from Officer Biggane qualify as "newly discovered" evidence.  The number of the case report (Y-002873) listing Mary Biggane as the responding officer in the January 2, 1994, incident was included on the "Listing of Case Reports" attached to plaintiffs' response to defendants' summary judgment motion.  This information was readily discoverable prior to the hearing on defendants' motion for summary judgment.  As such, it is not considered "newly discovered."

     Plaintiffs rely on a document entitled "Responsibilities of Security," which they claim shows defendants voluntarily undertook to provide security in the mall's parking lot.  This document was used as an exhibit during Donald Story's deposition, and was attached to the motion to reconsider as part of his deposition transcript.  Story testified he had never seen the document before the deposition, and couldn't testify to its contents.  Plaintiff did not attach it to the motion to reconsider as a separate exhibit, and it was not authenticated by anyone affiliated with Ford City security.  The document is not "newly discovered" since it was available to plaintiffs at the time of the summary judgment hearing, and is inadmissible since it has not been authenticated.  

     None of the remaining exhibits attached to plaintiffs' motion to reconsider can be considered "newly discovered" and plaintiffs offer no explanation as to why these exhibits were not attached to their response to the initial summary judgment motion.  The deposition testimony of Eleazar, Luz Maria, and Ileana Landeros was taken in 1996, three years before the summary judgment motion was filed.  Don Story's deposition was taken April 21, 1998, a year before the hearing on the summary judgment motion.  Patrick Halpin's revised affidavit is not "newly discovered" evidence, nor is Sergeant O'Reilly's affidavit authenticating the "Listing of Case Reports."  

     Simply put, plaintiffs failed to attach any evidence to their motion to reconsider which was not available at the time of the hearing on defendants' summary judgment motion. Such evidence "should not be allowed in the absence of a reasonable explanation of why it was not available at the time of the original hearing. *** In the absence of any such valid explanation, there [is] no reason to change the ruling."  
Delgatto v. Brandon Associates, Ltd.
, 131 Ill. 2d 183, 195, 545 N.E.2d 689 (1989).  The only explanation offered by plaintiffs' attorney was that he did not have a complete copy of his clients' file.  We do not consider that a "valid" explanation.

     We note the long history of this case, if only because it may have played a role in the trial court's exercise of its discretion to deny the motion for reconsideration.  After plaintiffs filed the original complaint in December 1994, the case was twice dismissed for want of prosecution.  The attorney who represented plaintiffs when the motion for reconsideration was filed was their fifth attorney of record.  By the time plaintiffs' motion for reconsideration was filed, this case had been pending for close to five years.  

     After reviewing the exhibits attached to plaintiffs' motion for reconsideration, the trial court does not appear to have abused its discretion in denying the motion.  However, plaintiffs again failed to include either a transcript of the hearing on the motion to reconsider or a bystander's report in the record on appeal.  We have no way of knowing whether the trial court's decision was based on a finding that the evidence was not "newly discovered," or a finding that the evidence did not create a material issue of fact.  Without an adequate report of proceedings showing the basis for its decision, we presume the trial court's denial of the motion to reconsider was appropriate.  
Foutch
, 99 Ill. 2d at 391.
 

CONCLUSION

     Our examination of the information supplied with the Motion to Reconsider persuades us this could have been a far different case had there been a timely submission.  We understand the result we reach today penalizes litigants for the conduct of the lawyers they chose on five different occasions.  But there is something to be said for an orderly procedure that produces predictable results.  The rules that apply to summary judgment proceedings were designed to reduce the time and expense that can be produced by adversary proceedings.  In addition, they save the community from congested court calendars and costly trials.  See 
Allen v. Meyer
, 14 Ill. 2d 284, 292, 152 N.E.2d 576 (1958).  Litigants have the right to rely on the rules.  Judges have the duty to enforce them.  In that way, in the long run, the administration of justice is better served.

     We affirm the trial court's rulings on both the summary judgment motion and the motion to reconsider.

     Affirmed.

CERDA, and BURKE, JJ., concur.