2018 IL App (1st) 172956

SIXTH DIVISION
November 30, 2018

No. 1-17-2956

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CITIBANK, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed-Pass-Through Certificates, Series 2006-3, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09 CH 49196 |
| ELENA BUSUIOC and THEODORE WOJTAS, | ) ) | Honorable William Sullivan, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1    On June 21, 2006, defendant-appellant, Elena Busuioc, received a loan in the amount of $1.76 million, which was secured by a mortgage on property located at 2128 Tuscany Court, Glenview, Illinois. Defendants failed to make the required January 2009 mortgage payment, and the mortgage went into default. In December 2009, the mortgage and note were assigned to the current plaintiff-appellee, Citibank N.A. In December 2010, plaintiff filed its initial foreclosure complaint. In November 2016, plaintiff moved for summary judgment. After briefing from the parties, the circuit court entered summary judgment in favor of plaintiff in April 2017. An order approving sale was entered in September 2017. Defendants appealed.

¶ 2 Before this court, the defendants argue the circuit court erred in striking their first affirmative defense regarding plaintiff's standing to bring the suit. They argue summary judgment was inappropriate because a question of fact remains as to the amounts due and owing. They also argue that the submitted affidavit fails to conform to either Illinois or Florida law. Defendants argue that reversal of summary judgment requires reversal of the sale and distribution order.

¶ 3 For the reasons stated more fully below, we affirm the judgment of foreclosure entered in favor of plaintiff. We do not have jurisdiction to address defendants' standing argument, as they failed to include the order in their notice of appeal. No question of fact exists as to the amount due and owning, and the affidavit complies with Illinois law. Since defendants' argument for reversing the order approving the report of sale and distribution is based on reversing the summary judgment order, we also affirm the order approving the sale and distribution.

¶ 4                                    I. JURISDICTION

¶ 5 This foreclosure action commenced on December 9, 2010. On November 9, 2016, plaintiff moved for summary judgment. On April 24, 2017, the circuit court granted summary judgment in plaintiff's favor. On September 5, 2017, the circuit court approved the sale and order of possession. On October 24, 2017, the circuit court denied defendants' motion to vacate the sale and order of possession. On November 27, 2017, defendants timely filed their notice of appeal.[1] Accordingly, this court has jurisdiction over the summary judgment order pursuant to article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 6 As will be discussed in the analysis section, we do not have jurisdiction over the order striking defendants' first affirmative defense.

_____

[1]November 23, 2017, and November 24, 2017, were court holidays.

¶ 7                                    II. BACKGROUND

¶ 8    This appeal involves a loan of $1.76 million, given on June 21, 2006, to defendant-appellant, Elena Busuioc, for a property located at 2128 Tuscany Court, Glenview, Illinois. The original lender was American Home Mortgage. The loan was secured by a mortgage executed in favor of American Home Mortgage and recorded with the Cook County Recorder of Deeds on August 7, 2006. On August 6, 2007, American Home Mortgage filed for Chapter 11 bankruptcy protection. On December 22, 2009, the subject mortgage and "all obligations therein described, the money due and to become due thereon with interest[ ]" was assigned to plaintiff, Citibank N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed-Pass-Through Certificates, Series 2006-3.

¶ 9    On December 9, 2010, plaintiff filed its initial foreclosure complaint. On April 2, 2015, plaintiff filed a second amended complaint to foreclose on the mortgage. On November 18, 2015, defendants filed an answer and affirmative defenses to the second amended complaint. The first affirmative defense alleged plaintiff lacked standing because it improperly received an interest from an entity during a bankruptcy stay.

¶ 10    On October 13, 2016, the circuit court struck this affirmative defense with prejudice. The court reasoned "[w]ithout more specific and non-conclusory allegations, this Court must speculate about whether a Bankruptcy Code violation affected some aspect of the case at bar[,] which it is not willing to do. In any event, Defendants' first affirmative defense fails to allege enough supportive facts." Plaintiff eventually moved for summary judgment on its foreclosure complaint. Plaintiff supported its motion for summary judgment with the affidavit of Nicole Boutin, who attested that, based on her review, the subject loan was in default and as of January 24, 2017, plaintiff was owed $2,591,652.94 on the note. In response, defendants argued that a genuine issue of material fact remained regarding the amount due on the loan because the

per diem and interest rate in the affidavit did not correspond to the amount stated in the second amended complaint. Defendants also argued the affidavit was not properly sworn.

¶ 11    After considering defendants' arguments, the circuit court found no genuine issue of material fact and ruled the affidavit complied with Illinois law. The court entered summary judgment in favor of plaintiff on April 24, 2017. The circuit court approved the sale on September 5, 2017. The circuit court denied their motion to vacate, and this appeal followed.

¶ 12                                    III. ANALYSIS

¶ 13    In their first issue, defendants argue that the circuit court erred in striking their standing affirmative defense. Plaintiff responds that we lack jurisdiction to consider the issue because defendants failed to include the order dismissing the affirmative defense in their notice of appeal.

¶ 14    After reviewing defendants' notice of appeal, we agree with plaintiff that we do not have jurisdiction to consider the standing issue. This court has a duty to examine its own jurisdiction before considering the merits of an appeal. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2009). "The filing of a notice of appeal is a jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) requires that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court."

¶ 15    "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp.*, 242 Ill. 2d at 176 (citing *People v. Lewis*, 234 Ill. 2d 32, 37 (2009)). A reviewing court has no jurisdiction to consider issues not specified in the notice of appeal. *Atkinson v. Atkinson*, 87 Ill. 2d 174, 177-78 (1981). The failure to strictly comply with the notice requirement may be

excused if the deficiency is not substantive and the appellee is not prejudice. *Lewis*, 234 Ill. 2d at 37.

¶ 16    Defendant's notice of appeal does not mention the order dismissing their standing affirmative defense nor does the relief sought mention reversal of said order. The circuit court struck defendants' standing affirmative defense in an order dated October 13, 2016. In the notice of appeal, the orders being appealed are (1) the April 24, 2017, order granting summary judgment on plaintiff's second amended complaint, (2) the September 5, 2017, order approving the sale, and (3) the November 24, 2017, order denying the motion to vacate. The "relief sought" section states, "[r]eversal of summary judgment in favor of plaintiff and against defendants, that was a step in the procedural progression leading to the final order approving sale. Reversal of order approving sale." In neither section do defendants request reversal of the order dismissing their standing affirmative defense.

¶ 17    In their reply brief, defendants argue that this court has jurisdiction over the order dismissing their standing affirmative defense because plaintiff's motion, which resulted in the order, was titled "Motion to Strike and for Partial Summary Judgment." Since the notice of appeal mentions "summary judgment," defendants argue this was sufficient to put plaintiff on notice and confer jurisdiction on this court. While the motion did contain "summary judgment" in the title, a review of the order from October 13, 2016, demonstrates that the circuit court struck defendants' standing affirmative defense pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)). The order did not grant summary judgment in favor of plaintiff but rather dismissed the standing affirmative defense because it failed to state a cause of action. See *Fox v. Seiden*, 382 Ill. App. 3d 288, 294 (2008) (noting that a motion to dismiss attacks the legal sufficiency of a pleading). Defendants' argument that the order of October 13, 2016, dismissing their standing affirmative defense, relates to the grant of summary judgment in

favor of plaintiff on April 24, 2017, is without merit. Defendants failed to include the October 13, 2016, order in their notice of appeal, and we are without jurisdiction to consider the issue.

¶ 18    In their next issue, defendants claim the circuit court erred in granting summary judgment because a question of fact remains as to the amount due and owing. Defendants also argue summary judgment was improperly granted where the affidavit attached to the summary judgment motion failed to comply with either Illinois or Florida law.

¶ 19    Section 2-1005 of the Code of Civil Procedure allows parties to receive judgment in their favor "if the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005 (West 2016). If a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). To survive this motion, the nonmoving party need not prove its case, but must present some evidentiary facts that would arguably entitle it to judgment. *Horwitz v. Holabird & Root*, 212 Ill. 2d 1, 8 (2004). In an appeal from a grant of summary judgment, our review is *de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 20    Defendants contend that the circuit court should not have granted summary judgment because the interest percent and per diem stated in the Boutin affidavit did not correspond to the interest percent and per diem in the second amended complaint. While defendants are correct that there is a difference between what is stated in the second amended complaint and the Boutin affidavit, a review of the mortgage and records attached to the affidavit demonstrate no question of fact exists as to this issue.

¶ 21    A review of the note demonstrates that the loan was subject to an adjustable interest rate. Section 4 of the note states, "[t]he interest rate I will pay may further change on the 1st day of

August 2006, and on that day every month thereafter." Beginning August 1, 2006, the interest rate, and therefore the per diem, would change monthly. This explains the alleged discrepancy between the affidavit and the second amended complaint. Attached to the affidavit is the interest rate record, which shows the rate and per diem charged to defendants each month. The affidavit states at the time of default in January 2009 the rate was 5.101%, which corresponded to a per diem of $265.520667. This is reflected in the attached record. The second amended complaint simply used the rate and per diem from the month just prior to the filing (March 2015). The record shows the interest rate and per diem at that time was 2.972% and $154.7005340, respectively. Defendants do not raise an argument or otherwise challenge the record containing each monthly interest rate and per diem.

¶ 22    After reviewing the record, there is no question of fact regarding the interest rate and per diem. Plaintiffs submitted records showing the monthly rate change and per diem change from the time of default until the month before it moved for summary judgment. Defendants' argument has no merit and does not represent a basis for setting aside the foreclosure judgment.

¶ 23    Defendants next argue that the affidavit does not comply with either Illinois or Florida law. At the end of the affidavit, it states:

>  "AFFIANT STATES NOTHING MORE.
>
>  Affiant Signature: [signature of Nicole Boutin] 1/24/17
>
>  Print Name: Nicole Boutin
>
>  Title: Contact Management Coordinator
>
>  Ocwen Loan Servicing, LLC
>
>  Servicer for Citibank, N.A. as trustee for American Home Mortgage Assets Trust 2006-3,
>
>  Mortgage-Backed Pass-Through Certificates Series 2006-3

STATE OF FLORIDA

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged and sworn before me this 24 day of January 2017, by Nicole Boutin as Contact Management Coordinator for Ocwen Loan Servicing, LLC who is servicer for Citibank, N.A. as Trustee for American Home Mortgage <u>who is personally known to me</u> or who has produced _____ as identification.

[Signature of Sergio Olmo]

Signature of Notary Public

Name of Notary Public: Sergio Olmo                    [SEAL]"

Defendants argue that both Illinois and Florida law require the individual executing the affidavit to be under oath. Under Illinois law, an affidavit attached to a motion for summary judgment is governed by Illinois Supreme Court Rule 191(a). Rule 191(a) states, in relevant part,

> "affidavits submitted in connection with a motion *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

In *Robidoux v. Oliphant*, our supreme court stated, " 'Supreme Court Rule 191 does not expressly require that affidavits include evidence of the administration of an oath to the affiant.' " 201 Ill. 2d 324, 340 (2002) (quoting *Northrop v. Lopatka*, 242 Ill. App. 3d 1, 7 (1993)). The court further explained that the " 'affidavit must be signed by the deponent or his

name must appear therein as the person who took the oath.' " *Id.* (quoting *Northrop*, 242 Ill. App. 3d at 7).

¶ 24 Despite defendant's argument, Rule 191 did not require the administration of an oath. *Robidoux*, 201 Ill. 2d at 340. As shown above, the affidavit at issue was signed by the affiant, Nicole Boutin, and "sworn before me [the notary] on this 24 day of January 2017." It therefore conformed to the requirements set forth in Rule 191(a).

¶ 25 Defendant next argues that the affidavit did not comply with Florida law; however, defendant cites no Illinois caselaw holding that an affidavit completed out of state and then utilized in an Illinois court must comply with the out-of-state affidavit requirements. Whether or not the affidavit utilized here met Florida standards is immaterial as the affidavit complied with Illinois law. Since the affidavit did comply with Illinois law, the circuit court did not err in relying on it when granting summary judgment in plaintiff's favor. The judgment of foreclosure is affirmed.

¶ 26 Lastly, defendants seek reversal of the order approving the report of sale and distribution based on reversing the summary judgment order. Since the summary judgment order stands, we affirm the order approving the report of sale and distribution.

¶ 27                                IV. CONCLUSION

¶ 28 For the reasons stated above, we affirm the grant of summary judgment entered in favor of plaintiff. The order approving the sale and distribution is also affirmed. We do not have jurisdiction to consider the merits of defendants' challenge to the order dismissing their standing affirmative defense. That portion of the case is dismissed from this appeal.

¶ 29 Affirmed in part and dismissed in part.