2023 IL App (1st) 221544-U

Nos. 1-22-1544 & 1-22-1612

Order filed March 17, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| In re THE PARENTAGE OF: N.N. | ) | Appeal from the |
| | ) | Circuit Court of |
| (Andre N., | ) | Cook County. |
| | ) | |
|     Petitioner-Appellant, | ) | No. 14 D 679286 |
| | ) | |
|   v. | ) | Honorable |
| | ) | Diana Rosario, |
| Nya P., | ) | Judge, Presiding. |
| | ) | |
|     Respondent-Appellee). | ) | |

---

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court's order granting order of protection against petitioner is affirmed (1-22-1544) and appeal dismissed for lack of jurisdiction because the orders challenged are not final orders (1-22-1612).

¶ 2    These *pro se* interlocutory appeals arise from the circuit court's entry of orders that (1) granted a plenary order of protection against petitioner Andre N. on September 26, 2022, and (2) on October 7, 2022, found him in indirect contempt of court for failing to pay respondent Nya P.'s

attorney fees, failure to pay court-ordered child support by the date established in a previous order, and failure to undergo a 215 psychological evaluation. On appeal, petitioner seeks: 1) reinstatement of the final judgment, decree and parenting plan that was entered on June 3, 2016; 2) the referral of Attorney Marcus Gray to the Illinois Attorney Registration and Disciplinary Commission; 3) an order barring respondent from making any filings; 4) the transfer of the matter to a different judge; 5) the dissolution of the plenary restraining order; 6) the issuance of a writ of prohibition to prohibit the circuit court of Cook County from refusing to enforce the final judgment, decree, and parenting plan from 2016 or any visitation order; 7) the issuance of a writ of prohibition to prevent any judge, besides the presiding judge of the circuit court of Cook County from granting or hearing petitions for orders of protection against him; 8) the issuance of a writ of mandamus ordering the circuit court of Cook County to enforce petitioner's visitation, without exception; 9) the reinstatement of his visitation per the final judgment, decree and parenting plan entered in 2016; 10) the vacation of all orders issued by circuit court Judges Bates, Forti and Rosario;  11) the sanction of Attorney Gray in the amount of $500,000 (22-1544) and $10,000,000 (22-1612); 12) the vacation of all child support arrearage; 13) reversal of the contempt order; 14) reversal of the order requiring him to pay respondent's attorney fees; and 15) reversing the order requiring him to have a psychological evaluation. For the following reasons, we affirm the grant of the plenary order of protection (1-22-1544) and dismiss the remaining issues on appeal for lack of jurisdiction (1-22-1612).

¶ 3     Although respondent has not filed a brief in either appeal, we will consider the appeals pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 4                                    I. BACKGROUND

¶ 5      Petitioner has had several recent appeals before this court. We previously dismissed four

prior appeals via summary order for failure to prosecute: 1-19-1256 on February 3, 2020, 1-21-

0041 and 1-21-0893 on January 3, 2022, and 1-22-1185 on January 20, 2023. Additionally, in case

number 1-21-0870, we entered a summary order on March 18, 2022, dismissing the appeal because

petitioner's brief violated our supreme court rules. *In the Parentage of N.N.*, No. 1-21-0870 (2022)

(unpublished summary order under Supreme Court Rule 23 (2022)). As we thoroughly set forth

the background of the case in the disposition of 1-21-0870, we will only cite background

information as necessary to aid in addressing the current appeals.

¶ 6      This case originated on December 2, 2014, when petitioner filed a *pro se* petition in the

Sixth Municipal District to establish parentage of the minor child, N.N. Petitioner sought an order

declaring that he was the natural father of N.N. and establishing reasonable visitation. The circuit

court, Judge Christopher Lawler presiding, entered an order on December 30, 2014, finding

petitioner to be N.N.'s natural father and establishing temporary visitation with no overnights at

that time. On January 13, 2015, an unallocated support order for $60 per week was entered

beginning on January 16, 2015.

¶ 7      Meanwhile, respondent filed a petition for custody and for other relief through counsel. On

January 13, 2015, the circuit court modified petitioner's temporary visitation at his home and his

mother was allowed to assist him with transportation of N.N. to and from his visitation.[1] The matter

---

[1] We acknowledge that the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (750 ILCS 5/101 *et seq.* (West 2016)) was amended  July 2015 and effective January 2016, changing references to "custody" as parental allocation and "visitation" as parenting time. However, for consistency with the petition and orders filed below, we will use the terms "custody" and "visitation."

was also referred to parental education because while petitioner sought joint custody of N.N., respondent sought sole custody and modified visitation.

¶ 8       Petitioner subsequently retained counsel and filed a petition to modify visitation on March 23, 2015. On June 12, 2015, the circuit court entered an order granting petitioner additional visitation and the case was continued multiple times for the entry of a parenting plan.

¶ 9       On March 17, 2016, petitioner filed a *pro se* motion for elimination of child support because he and respondent were living together and engaged. However, the record indicates that on April 5, 2016, the case was still waiting for entry of a parenting plan and was continued again. The record does not contain any resolution of petitioner's motion or indicate that a parenting plan was ever established at this point. [2]

¶ 10      The record contains numerous *pro se* filings by petitioner over the next eight years which either sought to modify the 2016 parenting plan in his favor or, whenever the court issued a ruling in respondent's favor, to reinstate the 2016 parenting plan. The first modification sought by petitioner was for temporary custody and adjudication of wardship of the minor in January 2018. On May 2, 2018, petitioner filed a *pro se* motion to modify the 2016 parenting plan by eliminating or modifying child support and medical insurance because he was no longer working, his income changed, he had the minor half of the time, respondent's income changed, and respondent had health insurance for the minor. Thereafter, in August 2018, petitioner sought additional

¶ 1       [2] While the parties' parenting plan is not contained in the record at this point, later filings by the parties reference a June 2016 parenting plan that was entered by the circuit court. This parenting plan is referred to throughout later filings by petitioner as the "final judgment."

modification by requesting sole custody. However, on October 12, 2018, petitioner filed a *pro se* motion for voluntary dismissal with prejudice because respondent was not participating in the case and petitioner "no longer wished to pursue any relief granted by the court." Nevertheless, a week later, on October 19, 2018, petitioner filed another *pro se* petition seeking to modify the parenting plan by requesting sole custody, this time alleging that respondent refused to communicate with him or drop the minor child at the specified location, which he reported to the police several times. He then filed a similar *pro se* petition for sole custody on November 27, 2018, raising the same allegations.

¶ 11    The circuit court entered an order on January 14, 2019, with both parties present, stating that petitioner's motion, with respect to forcing respondent to exercise his right of first refusal and sanctioning respondent for violating the flexibility clause, was denied. The order also denied petitioner's motion regarding telephone parenting time stating that he failed to prove a violation by a preponderance of the evidence. Additionally, both parties were ordered to abide by the previous 2016 allocation judgment. Lastly respondent was purged of contempt and she was ordered to answer the phone when petitioner called.

¶ 12    Respondent filed a *pro se* petition for an emergency order of protection (EOP) in early 2019 alleging that petitioner sent her 60 text messages within 10 minutes, threatened her and her aunt with physical violence, and harassed them through phone messages and texts. Respondent further alleged that she was in fear of her life, and N.N.'s safety when in petitioner's care. Consequently, on March 6, 2019, the trial court entered an EOP against petitioner for the protection of respondent, the minor child, and respondent's aunt, and set the matter for a hearing on March 27, 2019. The EOP granted respondent physical care and possession of N.N., prohibited petitioner

from removing N.N. from the respondent, school, or state of Illinois, and his visitation was reserved. Subsequently on March 12, 2019, respondent filed an emergency motion through counsel Marvin Gray seeking modification of petitioner's parenting time, modification of petitioner's communication with the minor child, and a request for petitioner to undergo a psychological evaluation. Specifically, she requested that the court suspend petitioner's unsupervised parenting time until he had a psychological evaluation, further noting that he had filed five cases in the circuit court that were all dismissed. Respondent also attached copies of text messages from petitioner. The following day respondent filed a petition for rule to show cause due to petitioner's failure to pay child support and other expenses as required by their parenting agreement. She requested reimbursement of petitioner's portion of all expenses she solely paid, petitioner's payment of back child support, and an order prohibiting petitioner from claiming N.N. on his taxes until the child support was brought current.

¶ 13    Petitioner filed multiple motions in response which were all denied by the circuit court on March 27, 2019. The court's order also noted that the body attachment against respondent was quashed *nunc pro tunc* to January 14, 2019; denied respondent's request for a psychological evaluation; gave petitioner bi-weekly weekend visitation beginning March 29, 2019; ordered petitioner not to leave the jurisdiction with the minor and to also purchase a phone for the minor; set petitioner's phone time with the minor nightly between 7 p.m. and 7:15 p.m.; ordered the parties to communicate only through the "talking parents app"; granted a plenary order of protection against petitioner for one year or until order of court following his evaluation and treatment as indicated from the South Suburban domestic violence program and a psychological evaluation from one of the listed social service organizations; ordered petitioner to stop harassing and

threatening respondent; and further noted that petitioner was admonished regarding filing frivolous lawsuits, Illinois Department of Children and Family Services (DCFS) complaints, and police reports. The court's order also gave petitioner 28 days to respond to respondent's petition for rule.

¶ 14    On April 25, 2019, petitioner filed *pro se* motions for a stay of proceedings and stay of child support enforcement, in which he stated that he did not live in the State of Illinois, as well as a petition for leave to appeal (PLA) in this court. On May 15, 2019, respondent filed a petition for rule to show cause, alleging that petitioner failed to follow the court's March 27, 2019, order, and order of protection. On May 16, 2019, the circuit court entered an order that, among other things, suspended petitioner's parenting time with N.N. Subsequently, on May 28, 2019,  petitioner was held in indirect civil contempt, and petitioner's parenting time was terminated until further order of court based on his violation of the order of protection and removing the minor from Illinois.

¶ 15    Petitioner responded by filing *pro se* emergency motions seeking: 1) visitation, 2) temporary custody, 3) an order to comply with final judgment, 4) to quash respondent's order of protection, 5) to purge his indirect civil contempt, 6) an order to comply with "final judgment" of 2016, and 7) retroactive child support credit due to unemployment and lack of transportation, all on June 3, 2019. On June 4, 2019, petitioner filed *pro se* emergency motions to vacate the circuit court's orders of May 16, 2019, and May 28, 2019. He then filed a *pro se* emergency motion to vacate respondent's plenary order of protection on June 12, 2019, which was denied on the same date.  Petitioner filed three PLAs on June 19, 2019, regarding the denial of his motions in the circuit court.

¶ 16    On June 21, 2019, petitioner filed the following *pro se* motions: 1) for emergency visitation; 2) to vacate the May 16, 2019, and May 28, 2019, orders; 3) for retroactive child support

credit; 4) to purge his indirect civil contempt; 5) to strike respondent's request for attorney and court fees; 6) to stay child support enforcement; 7) for compliance with final judgment; and 8) to vacate the respondent's plenary order of protection. On June 24, 2019, the circuit court ordered that petitioner's multiple motions filed on June 19, 2019, were deemed harassing and were stricken; that petitioner undergo a psychological evaluation should he seek to reinstate unsupervised parenting time; that the parenting time remained suspended; and that petitioner's request to voluntary dismiss the cause with prejudice was granted. Petitioner filed a PLA from the court's order on June 25, 2019, and an amended PLA on July 15, 2019.

¶ 17    On August 14, 2019, petitioner filed *pro se* motions in the Chancery Division at the First Municipal District to reinstate the case, and for leave to file an amended complaint, addressed to Judge Bates and respondent.[3] On September 17, 2019, respondent filed a petition for rule to show cause for petitioner's failure to pay child support, follow the order of protection, or follow the court order, and failure to pay respondent's attorney fees as previously ordered in the Sixth District. On September 24, 2019, the case was reassigned to Judge Michael Forti of the first district.

¶ 18    On  December 16, 2019, petitioner filed a *pro se* motion for emergency visitation. On March 25, 2020, petitioner filed a *pro se* motion seeking: to reinstate the case, to reinstate the final judgment, to reinstate parenting time and phone calls, to quash all of the previously entered court orders, for sanctions, and for respondent's compliance with the final order from 2016. Petitioner filed a petition for an order of protection against respondent on the same date, claiming that respondent harassed him by not following the final order as well as all other action taken in the

---

[3] Prior to this motion, all matters between the parties were heard in the Sixth Municipal District in Markham.

case. On April 22, 2020, petitioner filed a petition for adjudication of criminal contempt, alleging that respondent violated the visitation order from the 2016 final judgment for the period of July 2019 through January 2020, and a petition for issuance of a rule to show cause against respondent. On May 15, 2020, petitioner again filed a *pro se* emergency motion to reinstate the case, the final judgment, parenting time and phone calls.

¶ 19     On August 20, 2020, respondent again filed a petition for rule to show cause for petitioner's failure to follow the previous court orders, to which petitioner responded the following day with a motion to strike respondent's petition. He followed that with a motion to dismiss and for sanctions on August 25, 2020. On August 28, 2020, the circuit court entered an order granting petitioner supervised bi-weekly, weekend parenting time at his mother's house and scheduled the next court date for October 16, 2020. On September 1, 2020, petitioner filed an affidavit in support of an order of protection, however, no corresponding petition for order of protection for that date is present in the record.

¶ 20     On October 16, 2020, at the next court date, the circuit court entered an order continuing petitioner's supervised parenting time and the matter was set for status on December 10, 2020. The court also admonished petitioner to stop filing motions and that no further action would be taken against him if he stopped doing so. However, petitioner filed a *pro se ex parte* motion to modify visitation and to reconsider, which was entered and continued to November 30, 2020. On December 1, 2020, petitioner filed a *pro se* amended motion to modify visitation, and for retroactive child support credit, declaratory relief, and injunctive relief. The following day, respondent filed a motion to increase child support. On December 3 and 8, 2020, petitioner refiled his amended motion from December 1. On December 8, 2020, respondent filed a petition for rule

to show cause for petitioner's failure to follow the October 16, 2020, court order regarding visitation and payment of her attorney fees, as well as harassment and filing frivolous claims. Petitioner responded with a *pro se* emergency motion for a temporary restraining order against respondent to bar her from filing further child support motions on December 9, 2020. On December 10, 2020, the circuit court entered an order continuing respondent's petition for rule, ordering petitioner to pay $200 for child support by December 23, 2020, and denying petitioner's emergency motion. The next court date was scheduled for January 13, 2021.

¶ 21 On December 15, 2020, petitioner filed a *pro se* motion to dismiss respondent's petition and for sanctions for filing frivolous and tortious claims. On December 23, 2020, respondent again filed a motion for increased child support. On January 5, 2021, petitioner filed an amended *pro se* motion to modify his previously filed motion. The following day, petitioner filed a *pro se* motion to strike respondent's financial affidavit, to dismiss respondent's response to his motion, for attorney fees, and for sanctions. On January 13, 2021, the circuit court entered an order that granted respondent's petition for rule to show cause; ordered petitioner to pay respondent's previously awarded attorney fees by a certain date; ordered petitioner to pay child support by a certain date; ordered petitioner to begin paying regular monthly child support; maintained the previously set bi-weekly weekend visitation; and ordered petitioner to keep a job diary, among other things. A guardian *ad litem* (GAL) was also appointed for N.N. and the case was continued until April 15, 2021. Petitioner filed a notice of appeal from the court's order on January 14, 2021, which was later dismissed for want of prosecution.

¶ 22 Petitioner failed to pay child support or attorney fees as ordered, and respondent filed a petition for rule to show cause on March 4, 2021. On April 13, 2021, petitioner filed a *pro se*

motion to reinstate unsupervised visitation, to modify visitation, for reimbursement, and to reaffirm the 2016 final judgment. On April 15, 2021, the circuit court entered an order assigning attorney Patrick John as the GAL for N.N. and again ordering petitioner to pay certain amounts for child support and respondent's attorney fees by a certain date. The matter was set for status on June 9, 2021.

¶ 23    On May 13, 2021, GAL John filed a motion to convert his appointment from GAL to child representative because of the very contentious nature of the matter. On June 24, 2021, respondent filed an emergency motion to temporarily suspend supervised parenting time because petitioner's mother was no longer supervising the visits, she was uncertain whether petitioner still lived in Illinois, and his erratic behavior had continued. The same day, petitioner filed a *pro se* emergency motion for a temporary restraining order, fees, costs, a rule to show cause, and custody as well as to terminate respondent's parental rights. On June 30, 2021, the circuit court entered an order suspending petitioner's parenting time until further order of the court and set the next hearing date for July 15, 2021. On July 6, 2021, petitioner filed a *pro se* motion to vacate the court's order. On July 14, 2021, child representative John filed a petition for rule to show cause against petitioner for failing to provide his financial affidavit in violation of a court order. The following day, the circuit court entered an order suspending petitioner's parenting time until supervised visits could be scheduled with a third-party facilitator; confirming Patrick John as the child representative; granting the child representative's petition for rule to show cause against petitioner; requiring petitioner to submit to a psychological evaluation, and setting the matter for status on September 2, 2021.

¶ 24     Petitioner filed a *pro se* notice of his interlocutory appeal on July 26, 2021, seeking review of the circuit court's orders of June 30, 2021, and July 15, 2021 (No. 1-21-0870). He also sought vacatur of all orders previously entered in this case by Judge Rosario, Judge Bates, and Judge Forti, no restrictions on his parenting time, reinstatement of the "2016 final judgment", and sanctions against attorney John and attorney Gray. This court dismissed petitioner's appeal for his failure to comply with our supreme court's rules regarding appellate briefs.

¶ 25     The record indicates that a two-year plenary order of protection was entered against petitioner on September 26, 2022, to protect respondent, the minor child, and her aunt. The order of protection indicated that petitioner was to undergo counseling at a licensed psychological facility until the court received reports related to the completion of a psychological evaluation. The record does not contain a copy of respondent's petition for the order of protection or report of proceedings from the court date when the order was entered. Petitioner filed his *pro se* notice of interlocutory appeal on September 28, 2022 (1-22-1544).

¶ 26     The record also contains orders of the circuit court entered on October 7, 2022, which indicated that: (1) petitioner was found in contempt of court for failing to pay respondent's attorney fees and also failing to pay child support for the minor child; (2) petitioner was granted 45 days or by November 21, 2022, to purge the contempt by paying $2645 in attorney fees and back child support; (3) the motion requesting that petitioner undergo a psychological evaluation was granted; (4) petitioner was to pay the costs of the evaluation; (5) petitioner was to call Dr. Joan Ingram at DHD Family Clinic to set an appointment to undergo the evaluation; (6) the issues Dr. Ingram were to evaluate were petitioner's ability to properly regulate emotion, anger management, parental stability and care for a minor child; emotional distress, mental health capacity overall and

domestic violence; (7) the matter was continued for status until December 8, 2022; and (8) respondent and the child representative were excused from the status hearing. No copy of respondent's petition, report of proceedings or certified bystander's report is contained in the record. Petitioner filed his *pro se* notice of interlocutory appeal on October 26, 2022 (1-22-1612).

¶ 27                                    II. DISCUSSION

¶ 28     Although petitioner's notices of interlocutory appeal indicates that he is appealing the circuit court's orders from September 26, 2022, and October 7, 2022,  petitioner's briefs seek much of the same relief he sought in appeal number 21-0870, some of which refers to orders entered prior to those times: 1) reinstatement of the June 2016 parenting plan; 2) referral of attorney Marcus Gray to the Illinois Attorney Registration and Disciplinary Commission; 3)  bar of respondent from making any filings; 4) vacatur of all orders entered by Judges Rosario, Bates, and Forti; 4) and monetary sanctions against attorney Marcus Gray. Additionally, he requests that this court: 1) transfer the case to a different judge; 2) vacate all child support arrearage; 3) reverse the order finding him in contempt; 4) reverse the order requiring him to pay respondent's attorney fees; 5) reverse the order granting respondent an order of protection; and 6) reverse the order requiring him to have a psychological evaluation. We will address each appeal separately.

¶ 29                           A. Appeal Number 1-22-1544

¶ 30     In this appeal, petitioner challenges the entry of the order of protection on September 26, 2022. Petitioner contends that this court has jurisdiction in appeal number 1-22-1544 under supreme court rule 307(a)(1), Interlocutory appeals as of right. Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows an interlocutory appeal as of right from an order granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction within 30 days of entry of the

order. An injunction is a judicial process requiring a person to whom it is directed to do or refrain from doing a particular thing. *In re Marriage of* Fischer, 228 Ill. App. 3d 482, 486 (1992). This court has previously held that an order of protection is an injunctive order because it directs a person to refrain from doing something. *Id.* Here, petitioner filed his notice of appeal on September 28, 2022, just two days after entry of the order of protection, and we have jurisdiction to consider the appeal.

¶ 31    We therefore turn to the specifics of petitioner's issues on appeal. In his very brief statement of facts, petitioner indicates that Judge Rosario terminated "all [his] rights for a second time, and a plenary protection order was entered. He states that the order was entered in default as he was not present for the proceeding, and was never served with any emergency order of protection. Petitioner also states that the court decided, without corroborating evidence or without serving him, to enter a plenary restraining order in favor of the respondent, the minor child and a "random party who the petitioner believes and has stated to the court has abused his child."

¶ 32    Petitioner's argument section of his brief contends that Judge Rosario previously heard a petition for an order of protection that was not ruled on; however, he then states that this is the second emergency order of protection that respondent received without corroborating evidence and must be reversed. He also states that he has never been served with any orders of protection. Petitioner further contends that respondent's attorney, Marvin Gray, has committed perjury to receive the various orders of protection and that he must be sanctioned under rule 137 (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)).

¶ 33    An emergency order of protection shall be issued under the Illinois Domestic Violence Act (Act) if petitioner satisfies certain requirements, including that "there is good cause to grant the

remedy, regardless of prior service of process or of notice upon the respondent because, the harm which that remedy is intended to prevent would be likely to occur if the respondent were given any prior notice, or greater notice than was actually given, of the petitioner's efforts to obtain judicial relief." 750 ILCS 60/217(a)(3)(ii) (West 2022). The Act does not require that affidavits to be attached to the petition; instead, the Act requires that the petitioner show good cause to grant the remedy without prior notice to respondent. *Whitten v. Whitten*, 292 Ill. App. 3d 780, 785 (1997). The manner in which good cause can be shown is not specified in the Act. *Id.* The standard of proof in such a proceeding is proof by a preponderance of the evidence, whether the proceeding is heard in criminal or civil court. 750 ILCS 60/205(a) (West 2022). When a circuit court makes a finding by a preponderance of the evidence, it will be reversed only if it is against the manifest weight of the evidence. *Best v. Best*, 223 Ill. 2d 342, 348-49 (2006).

¶ 34    In this case, the plenary order of protection was entered on September 26, 2022. There is apparently a gap in the record between the filing of petitioner's notice of appeal in appeal number 1-21-0870 on July 29, 2021, and entry of the order of protection. There is no copy of the petition for the order contained in the record and no report of proceedings from the entry of the order. Illinois Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 324 (eff. July 1, 2017).  If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323. Ill. S. Ct. R. 323 (eff. July 1, 2017). The burden of providing a sufficient record on appeal rests with the appellant (here, petitioner). *Maniscalco v. Porte Brown, LLC*, 2018 IL App (1ˢᵗ) 180716, ¶ 30; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Absent a sufficiently

complete record to support a claim of error, it is presumed that the circuit court's order was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Accordingly, we affirm the circuit court's entry of the order of protection against petitioner.

¶ 35                                  B. Appeal Number 1-22-1612

¶ 36    In this appeal, petitioner challenges the circuit court's finding of indirect civil contempt as well as the order for a psychological evaluation. He contends that this court has jurisdiction under the following supreme court rules: 307(a)(1), Interlocutory appeals as of right; 304(b)(5) and (6), Appeals from final judgments that do not dispose of an entire proceeding. Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows an interlocutory appeal as of right from an order granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. That is not the situation presented by the circuit court's October 7, 2022, order; the circuit court's order merely reaffirmed its previous order from July 15, 2021, when petitioner was ordered to pay back child support and respondent's attorney fees and to undergo a psychological evaluation. Thus, we do not have jurisdiction under that rule. Supreme Court Rule 304 (eff. Mar. 8, 2016) governs appeals from final judgments that do not dispose of an entire proceeding. Paragraph 5 allows an appeal from a final judgment of contempt of court which imposes a monetary or other penalty without special finding. Ill. S. Ct. R. 304(b)(5). Paragraph 6 allows an appeal from a final judgment of a custody or allocation of parental responsibilities judgment or modification of such judgment without special finding. Ill. S. Ct. R. 304(b)(6). Neither of those situations is present here. First, the circuit court's October 7, 2022, order was not a final judgment in the matter that would allow us jurisdiction under Rule 304(b)(5). There was no imposition of a fine or other penalty that would make the order appealable. See *Eskandani v. Phillips*, 61 Ill. 2d 183, 194 (1975). The imposition

of a sanction or contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of the case in which the contempt arises. *Scott v. Silverstein*, 87 Ill. 2d 167,172 (1981). In contrast, a contempt order that does not impose sanctions is not final and reviewable. *In re Marriage of Virgin*, 2021 IL App (3d) 190650, ¶ 57; *In re Estate of Hayden*, 361 Ill. App. 3d 1021, 1026 (2005). Here, the order held respondent in indirect civil contempt, and he was ordered to purge the contempt by paying the applicable fees and child support arrearage within 45 days or until November 21, 2022, and the matter was set for further status on December 8, 2022. There was no sanction or penalty imposed within the order. Additionally, the circuit court's order was not a final judgment of custody or allocation of parental responsibilities or a modification of such judgment. As noted above, the October 7, 2022, order was a restatement of a prior order from 2021 that petitioner did not comply with.

¶ 37     As such, we find that we do not have jurisdiction over this matter and must dismiss the appeal.

¶ 38                               C. Motion to Reinstate

¶ 39     During the pendency of these appeals, petitioner filed identical *pro se* motions in this court titled, "Motion to Reinstate." The motion contains two sections, "causes of action" and "prayer for relief." The "causes of action" section seeks  the reinstatement of the "final judgment" from June 3, 2016, and reinstatement of  Article III: Section A of the "final judgment" from June 3, 2016. The "prayer for relief" section contains two sentences requesting the reinstatement of the items stated in the causes of action section. There are no allegations contained in the motion, nor does it

contain any supporting arguments. A copy of the 2016 parenting plan order attached as an appendix to the motions. We deny petitioner's motions.

¶ 40     The filing of a notice of appeal is the jurisdictional step which initiates appellate review. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 11. A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal. *Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 v. Busuioci*, 2018 IL App (1st) 172956, ¶ 15. A reviewing court has no jurisdiction to consider issues not specified in the notice of appeal. *Id.*

¶ 41     Here, petitioner's notices of appeal indicate that he is appealing the circuit court's order from September 26, 2022, which entered the order of protection against him, and the circuit court's order from October 7, 2022, which held him in indirect civil contempt and ordered him to have a psychological evaluation. Petitioner's motions, however, seek to attack modifications to the 2016 parenting plan that were initially made in 2019, as the record reveals that the first modification was made in May 2019. Thus, the motion is unrelated to the subject matter of the appeals, and we therefore lack jurisdiction to consider these motions.

¶ 42                              III. CONCLUSION

¶ 43     For reasons stated, we affirm entry of the plenary order of protection in appeal number 1-22-1544,  we dismiss appeal number 1-22-1612, and we deny petitioner's motion to reinstate..

¶ 44     No. 1-22-1544, Affirmed.

¶ 45     No. 1-22-1612, Appeal dismissed.