2026 IL App (1st) 251002-U

SIXTH DIVISION

June 29, 2026

No. 1-25-1002

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PHILIP L. KAMPF, JR., | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 06 D 4764 |
| | ) | |
| CYNTHIA TRIPP KAMPF, | ) | Honorable |
| | ) | Julie B. Aimen, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We dismiss petitioner Philip L. Kampf, Jr.'s appeal for lack of jurisdiction because the contempt order at issue did not impose a penalty, and thus was not a final order.

¶ 2    In this long-running dissolution of marriage litigation between the appellant Philip L.

Kampf and the appellee Cynthia Tripp, Kampf appeals from the circuit court's order finding him

in contempt of court for failing to pay retroactive child support, imposing a purge of $10,000 in 30 days to Tripp, followed by $1500 a month until his obligation is satisfied, and setting a status date for his compliance. Because the order in question did not impose a penalty on Kampf, however, it was not a final order, meaning we lack jurisdiction and must dismiss.

¶ 3                                BACKGROUND

¶ 4    This court articulated the following background information in its prior order pursuant to Illinois Supreme Court Rule 23(b) (eff. July 1, 2011), *In re Marriage of Kampf*, 2014 IL App (1st) 120067-U:

"Cynthia and Philip were married in June 1989. Two children were born of the marriage, a son in 1992 and a daughter in 1995. In April 2006, Philip filed for dissolution of marriage in the circuit court of Cook County. Cynthia filed a counter-petition some months later." *Id.* ¶ 4.

\*\*\*

"On September 16, 2011, the circuit court entered an order awarding the parties a judgment for dissolution of marriage, apportioning their assets and deciding child support, maintenance, attorney fees and other obligations." *Id.* ¶ 16.

¶ 5    On appeal, Tripp requested that the appellate court vacate and remand on the issues of child support, arrearage for past child support payments missed, maintenance, and attorney fees. In partially granting her requests, this court vacated the circuit court's orders, and remanded for further proceedings, as follows:

"[W]e vacate and remand to the trial court for entry of an order providing for additional child support should Philip receive gross yearly income in excess of $216,000, no matter the source. This order shall be retroactive to the date of entry of the judgment for dissolution of marriage." *Id.* ¶ 51.

2

\*\*\*

"[W]e vacate the court's arrearage finding and remand for reconsideration and clarification of the arrearage finding." *Id.* ¶ 61

\*\*\*

"[W]e vacate the order reserving maintenance and remand to the trial court with directions to reconsider the maintenance award." *Id.* ¶ 65.

\*\*\*

"[R]emand for reconsideration of the court's denial of Cynthia's petition for attorney fees with regard to those amounts \*\*\* that she had actually paid is warranted." *Id.* ¶ 79.

¶ 6    On remand, the circuit court held a new hearing pursuant to this court's directives on December 8, 2017, then entered a new order on December 11, 2017, which stated,

"Judgment is hereby entered in favor of Respondent Cynthia Tripp and against Petitioner Philip L. Kampf, Jr., on the following: 1. Retroactive child support in the amount of $349,409; 2. Retroactive maintenance in the amount of $279,627; 3. Post-judgment child support in the amount of $7,696. This judgment satisfies all matters on remand from the Appellate Court regarding the above support and maintenance."

¶ 7    During the December 8 hearing, the following exchange occurred:

"The Court (addressing Cynthia's counsel): Now, the next thing is, Counsel, do you want a finding or do you want a judgment?

Counsel: I want a judgment."

¶ 8    On February 27, 2018, the circuit court vacated the retroactive child support aspects of the December 11, 2017 order, and entered a new judgment on retroactive child support that lowered

the amount Kampf owed to $289,971. Shortly thereafter, on April 2, 2018, the court entered a judgment for Tripp against Kampf for $108,100 in attorney's fees.

¶ 9     Approximately three years later, Tripp filed a "motion for a charging order," alleging that Kampf had yet to pay any amount of the maintenance, retroactive child support, or attorney's fees. Through the charging order, Tripp sought to place a lien on certain funds related to "Macatawa Investments," a "sub chapter S corporation" allegedly owned by Kampf. The circuit court granted the motion on May 14, 2021 and issued the charging order.

¶ 10    New counsel entered for Tripp in 2024, and on July 26, 2024, Tripp, through her new counsel, filed a "petition for a rule to show cause (indirect civil contempt) and petition to enforce judgments and court orders," arguing that Kampf still owed her "more than $675,000 in lump-sum retroactive maintenance, lump-sum retroactive child support, and lump-sum attorneys' fees." Tripp requested as relief, in relevant part, that Kampf be held in indirect civil contempt for his failure to pay any of the $289,971 due in retroactive child support.

¶ 11    In December 2024, the circuit court continued Tripp's petition for rule to show cause until March 26, 2025. Before that date, however, the court issued a *sua sponte* "Memorandum Order" on March 25, 2025, wherein it stated,

> "In reviewing the extensive record in this case, the Court questioned the May 14, 2021 charging order and whether the Court retained jurisdiction to enforce [Kampf's] child support obligation given the existing charging order. The Court now comes on its own motion to clearly define its own jurisdiction over the case and clarify how the Court will consider the charging order moving forward."

The court then surveyed Illinois law on the nature of child support obligations, and concluded, "although child support orders are considered individual judgments against the payor/obligor, the

provisions of the Illinois Marriage and Dissolution of Marriage Act ***, rather than the Illinois Code of Civil Procedure, control enforcement proceedings."

¶ 12    In light of this conclusion, the court explained that it is contempt proceedings, not charging orders, through which Illinois circuit courts can enforce child support obligations. Accordingly, it found, "the charging order is void as a matter of public policy," and instead it was "appropriate to regard the May 14, 2021 charging order as an additional judgment for child support and an ongoing record of [Kampf's] failure to make his required payments to Cynthia. *** [T]his court will proceed with contempt proceedings on March 26, 2025 as previously scheduled." The order concluded, in relevant part:

> "Based on the analysis above, IT IS HEREBY ORDERED:
>
> 1.  This Court retains jurisdiction over the parties and subject matter as an enforcement action under the Illinois Marriage and Dissolution of Marriage Act;
>
> 2.  This Court's May 14, 2021 charging order is VOID and shall be regarded as a judgment for child support against [Kampf]."

¶ 13    Following the March 26, 2025 hearing, the circuit court, as pertinent to this appeal, found Kampf in contempt for his failure to pay retroactive child support, retroactive maintenance, and attorney's fees, and ordered the parties to agree to a payment plan. The court continued the matter for setting of Kampf's purge.

¶ 14    On May 8, 2025, the circuit court entered an order setting Kampf's purge amount for the retroactive child support, stating in relevant part:

> "[Kampf's] purge for his violation of this Court's February 27, 2018 Judgment (requiring [Kampf] to pay [Tripp] $289,971 in retroactive child support, not including mandatory statutory interest that has since accrued) is set at (a) $10,000 paid to [Tripp] within thirty

(30) days (i.e., by June 6, 2025); and (b) thereafter, beginning in June 2025 and continuing until the outstanding amount has been satisfied, [Kampf] shall pay [Tripp] $1500 per month. [Kampf's] compliance with the Court-ordered purge is set for status, in person, on July 9, 2025 at 9:00 a.m. (counsel and [Kampf] to appear in person). [Kampf's] failure to appear in-person may result in a body attachment being issued at said time."

The order entered and continued the setting of purges for the retroactive maintenance and attorney's fees issues, and concluded, "Pursuant to Supreme Court Rule 304(a) the Court finds that there is no just reason for delaying either enforcement or appeal or both of the aforementioned findings of contempt and the purges along with the Court Orders of March 25, 2025 and March 26, 2025 which underly this order."

¶ 15    Kampf filed his notice of appeal on May 27, 2025.

¶ 16                                    JURISDICTION

¶ 17    On appeal, Kampf argues the circuit court erred by recharacterizing the May 14, 2021 charging order, and in fact had no authority to hold him in contempt for violating a money judgment. While the parties do not contest jurisdiction, it is clear from the record that there is a significant question regarding our jurisdiction, and it is our independent duty to resolve this question. *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 1.

¶ 18    Kampf contends this court has jurisdiction pursuant to Illinois Supreme Court Rule 304(a) and (b)(5) (eff. Mar. 8, 2016). Rule 304(a) states, "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). The inclusion of 304(a) language, however, does not make final a nonfinal order.

*Blumenthal v. Brewer*, 2016 IL 118781, ¶ 24. Section (b)(5) of Rule 304, meanwhile, permits an immediate appeal even if the circuit court does not include section 304(a) language for "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty." Ill. S. Ct. R. 304(b)(5) (eff. Mar. 8, 2016).

¶ 19    Under Illinois law, an order finding a party in contempt is not final in and of itself; instead, it is the imposition of a penalty that renders a contempt order final. *In re Marriage of Gutman*, 232 Ill. 2d 145, 152 (2008). A civil contempt sanction is coercive in nature, not punitive. As the Gutman court explained, "only a contempt *judgment that imposes a sanction* is a final, appealable order." (Emphasis in original.) *Id.* at 152. This is because, in part, "[l]itigation proceedings may linger for years before a final judgment" that imposes a penalty. *Id.* at 153. A penalty is defined as the imposition of a fine or a sentence of imprisonment. *In re Marriage of Schwieger*, 379 Ill. App. 3d 687, 688-89 (2008).

¶ 20    If an order finding a party in indirect civil contempt imposes a penalty such as a fine or period of imprisonment on a party, that order is final and appealable, regardless of whether it includes Rule 304(a) language; however, if the order finding a party in contempt does not impose a penalty, that order is not final and appealable, and the inclusion of Rule 304(a) language will not cure that issue.

¶ 21    Kampf attempts to substantively contest the contempt findings in the May 8, 2025 order as to retroactive child support, retroactive maintenance, and attorney's fees. First, the May 8 order is clear that it is nonfinal with respect to retroactive maintenance and attorney's fees, as the issue of the purge amount for those two items was entered and continued. The lone remaining claim over which this court could have jurisdiction, and the closer issue, is whether the circuit court's purge for Kampf's retroactive child support obligations—a $10,000 lump sum due to Tripp in 30 days,

followed by monthly payments of $1500 until the full amount due is satisfied—constituted a penalty such that the order was final and appealable on that issue.

¶ 22   We find that the retroactive child support purge did not constitute a penalty, and therefore we lack jurisdiction and must dismiss Kampf's appeal. These amounts are not a separate fine for Kampf's contemptuous conduct; they are a payment plan for an amount he already owes. The circuit court made a contempt finding and set a purge, then continued the matter and threatened to impose a penalty should Kampf not comply with the purge. The court's order makes this clear because the matter was continued for status on his payments, with not even a body attachment order entered yet, let alone a period of imprisonment or other punishment. The lack of a sanction makes the appeal from the May 8 order premature. See *Gutman*, 232 Ill. 2d at 152. In a scenario where Kampf did not abide by the court's order when the parties next appeared, and then fined Kampf a certain amount, or remanded him to jail until he complied, then the imposition of that penalty might be appealable under Rule 304(b)(5). But this case had not yet reached such a stage when Kampf filed the present appeal.

¶ 23   In reaching this conclusion, we find persuasive the reasoning of another panel of this court in *In re N.N.*, 2023 IL App (1st) 221544-U. While not precedential, *N.N.* is useful here because its facts align with ours. The *N.N.* court considered a purge for a contempt order issued because a party failed to pay past due attorney's fees and child support. *Id.* ¶ 26 The purge required the offending party to pay "$2645 in attorneys fees and back child support." *Id.* This court concluded that the $2645 payment was not a penalty, reasoning that, "There was no sanction or penalty imposed within the order," because the offending party was only "ordered to purge the contempt by paying the applicable fees and child support arrearage within 45 days or until November 21, 2022, and the matter was set for further status on December 8, 2022." *Id.* ¶ 36; see also *Schwieger*,

8

379 Ill. App. 3d at 689 ("To calculate and order payment of what is already due cannot reasonably be understood as a punishment."). As in *N.N.*, Kampf's purge payment is for amounts Kampf already owed to Tripp, and the circuit court set a later date to check the status of his compliance. The determination of what penalty might be appropriate should Kampf fail to comply was left unresolved. It follows that the May 8, 2025 order was nonfinal, making Kampf's appeal premature.

¶ 24                                    CONCLUSION

¶ 25    The circuit court's May 8, 2025 order was not final and appealable, and therefore we must dismiss Kampf's appeal for lack of jurisdiction

¶ 26    Appeal Dismissed.